FILED
U.S. DISTRICT COURT
2008 MAY 16 P 12: 59
DISTRICT OF UTAH
BY: DEPUTY CLERK

Jesse S. Brar, Utah Bar # 9469
Email: jbrar@xmission.com
716 East 4500 South, Suite N-142
Salt Lake City, Utah 84107
Telephone: (801) 269-9541
Facsimile: (801) 269-9581

Sharon Preston, Utah Bar # 7690
Email: sharon@xmission.com
716 East 4500 South, Suite N-142
Salt Lake City, Utah 84107
Telephone: (801) 269-9541
Facsimile: (801) 269-9581

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| Paula Self, Linda Duncan, Sheri Kiddy, Leslie Demull, and Timothy Van Hoose Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Teleperformance USA, Inc., Teleperformance Group, Inc., Teleperformance, a corporation,<br><br>Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br>FOR VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938<br><br>**JURY DEMANDED**<br><br>Case: 2:08-cv-00395<br>Assigned To : Warner, Paul M.<br>Assign. Date : 05/16/2008<br>Description: Self v Teleperformance USA et al |

Representative Plaintiffs, Paula Self, Linda Duncan, Sheri Kiddy, Leslie Demull, and Timothy Van Hoose (hereafter referred to as "Representative Plaintiffs"), by and through their attorneys Jesse S. Brar and Sharon L. Preston, upon personal knowledge as to matters concerning themselves and upon information and belief as to other matters, and as and for their Complaint

against Teleperformance Group USA and Teleperformance USA (hereinafter "Teleperformance" and/or "Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. The Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 et seq.)(hereinafter "FLSA") provides for minimum standards for both wages and overtime compensation.

2. Utah Payment of Wages Act (Utah Code Ann. §§ 34-28-1 to -19)(hereafter "UPWA") provides additional protections to workers, including, but not necessarily limited to, entitlement to wages for all time worked.

3. The Defendant, Teleperformance, is a Utah-registered Corporation in the primary business of operating "Contact Centers" (commonly referred to as "call centers") which provide telephone-based customer service to the customers of Defendant's numerous business clients.

4. Teleperformance has approximately 39 Contact Centers at various locations throughout the United States, and employs about 12,400 Service Agents or Customer Service Agents or Customer Service Representatives (or comparable positions with different titles) (hereafter, "Customer Service Representatives" or "CSRs") to receive and handle various types of phone calls from customers.

5. Teleperformance also has a "Work at Home" ("WAHA") program, through which Teleperformance employees throughout the United States work at home as CSRs, and using Teleperformance equipment, receive and handle phone calls from customers.

6. The WAHA employees are assigned specific work hours, and are subject to and bound by Teleperformance policies and practices during their assigned work hours.

7. Teleperformance CSRs, whether they work at the Contact Centers or at home through the WAHA program, are hourly-paid, non-exempt employees that are entitled to overtime pay under the FLSA.

8. The Representative Plaintiffs are currently employed or were previously employed as CSRs with Teleperformance's facilities in Utah and Ohio (whether at the Contact Centers or through the WAHA program).

9. As set forth in detail below, it is Teleperformance's nationwide policy and practice to require and/or cause CSRs to engage in work without compensation prior to the beginning of the official shift, at the end of the official shift, and during the continuous workday; all in violation of the provisions of the FLSA and the UPWA.

10. With regards to claims under the FLSA, and pursuant to 29 U.S.C. § 216(b), Representative Plaintiffs bring this action on behalf of themselves, and as a Collective Action on behalf of all other persons similarly situated nation-wide (hereafter referred to as the "Nationwide FLSA Class"). (See Consent Forms attached as Exhibit A).

11. With regards to claims under the UPWA (and pursuant to Rule 23 of the Federal Rules of Civil Procedure), Representative Plaintiffs bring this action on behalf of themselves, and a Class Action on behalf of all others similarly situated who are currently or were previously employed by Teleperformance within the State of Utah (hereafter referred to as the "Utah Class").

12. With regards to the claims under the FLSA, the Representative Plaintiffs, on behalf of themselves and the Nationwide FLSA Class, seek unpaid overtime compensation and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

13. With regards to the claims under UPWA, Representative Plaintiffs, on behalf of themselves and the proposed Utah Class, seek unpaid regular non-overtime wages and interest thereon, pre- and post-judgment interest, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

14. With regards to the proposed Utah Class, the period during which recovery of unpaid wages is sought begins on May 15, 2004 and continues through the trial date, since the violations of Utah law have been ongoing since and during that time period.

15. With regards to the proposed Nationwide FLSA Class, the statutory period during which recovery of unpaid overtime compensation is sought begins on May 15, 2005 and continues through the trial date, since the violations of the FLSA have been ongoing and willful since and during that time period.

16. This action is brought to redress and end this long-time pattern of willful and unlawful conduct by Teleperformance.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to the provisions of the FLSA, specifically 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under Utah state law, pursuant to 28 U.S.C. §1367.

18. Plaintiffs' claims involve matters of national or interstate interest.

19. Defendant is subject to personal jurisdiction in Utah.

20. The state law claims of the Representative Plaintiffs' and the members of the proposed Utah Class are so closely related to their FLSA claims that they form part of the same case or controversy.

21. Venue in the Central District of Utah is proper pursuant to 28 U.S.C. § 1391(b) and (c).

22. Defendant conducts business in the Central District of Utah.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

***Plaintiffs***

24. Representative Plaintiffs Paula Self, Linda Duncan, Sheri Kiddy, Leslie Demull, and Timothy Van Hoose are natural persons and, during the relevant time periods identified herein, are or were employed by Teleperformance as Customer Service Representatives.

25. Plaintiff Paula Self is resident of Utah and is currently employed by the Defendant as a WAHA Customer Service Representative. Prior to starting in the WAHA program on September 28, 2007, Ms. Self worked as a CSR in Defendant's Salt Lake City Contact Center from August 20, 2007 to September 28, 2007.

26. Plaintiff Linda Duncan is resident of Utah and is employed by the Defendant as a WAHA Customer Service Representative. Prior to starting in the WAHA program in August 2007, Ms. Duncan worked as a CSR in Defendant's Salt Lake City Contact Center from September 23, 2004 to August 2007.

27. Plaintiff Sheri Kiddy is resident of Utah and is employed by the Defendant as a WAHA Customer Service Representative. Prior to starting in the WAHA program in August 2007, Ms.

Kiddy worked as a CSR in Defendant's Salt Lake City Contact Center from September 6, 2004 to August 2007.

28. Plaintiff Leslie Demull is resident of Utah and has been employed by the Defendant as a Customer Service Representative in its Salt Lake City Contact Center since date June 2004.

29. Plaintiff Timothy Van Hoose is a resident of the State of Ohio, and worked as a CSR in Defendant's Columbus, Ohio, Contact Center from July 9, 2007 to April 23, 2008.

***Defendant***

30. Teleperformance is a corporation that is registered and conducts business in the State of Utah, and at various other locations in the United States.

31. Teleperformance maintains control, oversight, and direction over the operation of the Contact Centers and other facilities and offices in which the Representative Plaintiffs and the members of the proposed classes work or worked, including the payroll and other employment practices therein.

## COMMON FACTUAL ALLEGATIONS FOR ALL CLAIMS

32. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

33. Representative Plaintiffs andd members of the proposed FLSA and Utah classes are currently or were previously employed by the Defendant.

34. Defendant has consistently practiced and continues to practice a nationwide policy of permitting, encouraging, and/or requiring its Customer Service Representatives, including

Representative Plaintiffs and members of both proposed classes, to work without compensation, as follows:

**35. Pre-Shift Issues**

a. Defendant established a system by which "pay start time" (i.e., the time at which the employee would start to be compensated) was triggered only by the CSR being fully logged into the Teleperformance computer system.

b. Defendant required CSRs to perform certain activities prior to the start of their shift; namely, booting up certain programs and going through the sometime-lengthy process of logging into the Teleperformance computer system) without compensating the CSRs for the time involved in these activities.

c. Defendant established a system by which the CSRs were considered "late" if the CSRs were not fully logged into the Teleperformance computer system by the official start time of the shift, thus requiring the CSRs to report to work early in order to perform any necessary preliminary activities prior to "being fully logged in."

d. Defendant engaged in a consistent practice of scheduling a greater number of CSRs for each shift than the number of available and functioning workstations, and thus causing and/or requiring CSRs to wait for a functioning workstation, and/or report to work 10-30 minutes early in order to avoid waiting for a functioning and available workstation.

e. When CSRs reported to work early for the reasons set forth above, or when they reported to work on time but had to wait for an available and functioning

workstation, they were not compensated for this time, but, again, were only compensated from the time they were fully logged into the Teleperformance computer system.

**36. Continuous Workday Issues**

a. After the official start time of the shift (i.e., when the CSRs were required to, and did, report physically to work), the CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system for any reason.

b. After the official start time of the shift (i.e., when the CSRs were required to, and did, report physically to work), the CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system because of equipment malfunctions.

c. After the official start time of the shift (i.e., when the CSRs were required to, and did, report physically to work), the CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system during short restroom breaks of approximately five minutes.

d. After the official start time (i.e., when the CSRs were required to, and did, report physically to work), the CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system because of employee or equipment errors causing a "log out," and the subsequent time required to log back into the system.

e. After the official start time (i.e., when the CSRs were required to, and did, report physically to work), the CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system because of conversations with supervisors and other work-related activities.

f. The CSRs were given a limited permissible amount of time between customer service calls; for example, 40 seconds (this time was referred to as the "after call work time," or "ACW time"), and Teleperformance did not pay the CSRs for any "ACW time" that exceeded the prescribed time limit, even though the ACW time occurred during the continuous workday, and even through work-related activities were performed during that time, such as taking notes, talking to supervisors, etc.

37. **Post-shift Issues**

a. Teleperformance established a system whereby the shift officially ended (for purposes of compensation) at the moment the CSRs were no longer actively logged into the Teleperformance computer system, and did not pay the CSRs for necessary work performed after that moment (such as fully closing down the systems, conversations with supervisors, turning in paperwork, etc.).

**38. Claims Specific to WAHA Employees**

a. In addition to all of the issues set forth above, the WAHA CSRs were required, during their scheduled shift (and continuous workday) to travel to the Contact Centers to transport their equipment for repairs when the equipment

malfunctioned, and to wait for the equipment to be repaired or replaced, and the CSRs were not paid for the this time.

b. The WAHA CSR's were also required to travel to the Contact Centers for the purpose of attending meetings, and were not paid for their travel time to and from the meetings, although the meetings took place during their scheduled shifts (and continuous workday).

39. The amount of uncompensated work time (as described above in Paragraphs 35-38) that the Representative Plaintiffs and proposed Utah and FLSA class members amounts to approximately thirty (30) to sixty (60) minutes per day per person.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

40. Representative Plaintiffs hereby incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

41. Representative Plaintiffs bring this action individually and as collective and class actions, on behalf of all persons similarly situated to them, including the following proposed Plaintiff Classes:

a. Nationwide FLSA Class: All persons who are, or have been, employed by the Defendant Teleperformance anywhere in the United States as Customer Service Representatives in Contact Centers or through the WAHA programs anytime from May 15, 2005 onward.

b. Utah Class: All persons who are, or have been, employed by Defendant Teleperformance in the State of Utah, as Customer Service Representatives in

Contact Centers or through the WAHA program anytime from May 15, 2004 onward.

***Collective Action Allegations for Federal Claims***

42. The FLSA Claim has been brought and may properly be maintained as a Collective Action under 29 U.S.C. § 216 because members of the proposed nationwide FLSA Class were subjected to the identical policies and practices (as alleged in Paragraphs 35-38) to which the Representative Plaintiffs have been subjected, and have thereby been similarly deprived of overtime compensation to which they were lawfully entitled under FLSA.

43. The members of the proposed FLSA Class would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit as party plaintiffs (by filing written consent with the Court, pursuant to 29 U.S.C. § 216(b)).

44. The members of the proposed Nationwide FLSA Class are known to Teleperformance, are readily identifiable, and can be located through Teleperformance's records.

45. Pursuant to 29 U.S.C. § 216(b), the Representative Plaintiffs and certain members of the proposed Nationwide FLSA Class hereby submit their written consents to serve as party plaintiffs and to join the proposed Nationwide FLSA Class. (Attached as Exhibit A).

46. Defendant, its officers and directors are excluded from each of these Classes.

***Class Action Allegations for State Law Claims***

47. The UPWA claim may properly be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the

litigation and the proposed Classes are easily ascertainable, and the following Rule 23 requirements are met:

a. Numerosity: The total number of members of the proposed Utah Class exceeds 2,000 individuals. The members of the class are so numerous that joinder of all members is impractical, and a class action is the only available method for the fair and efficient adjudication of this controversy;

b. Commonality: There are common questions and issues of fact and law which predominate over any issues solely affecting individual members; specifically, whether Defendant, in violation of UPWA, failed to pay non-overtime wages to the Representative Plaintiffs, and members of the proposed Utah Class, by means of the policies and practices set forth above in Paragraphs 35-38;

c. Typicality: The Representative Plaintiffs' state claims are typical of the claims of the proposed Utah Class, in that the claims are grounded in the allegation that the Defendant, in violation of UPWA, failed to pay non-overtime wages to Utah-based CSRs by means of the policies and practices set forth above in Paragraphs 35-38;

d. Superiority of Class Action: Since the damages suffered by members of the proposed Utah Class (although not inconsequential) may be relatively small, the expense and burden of individual litigation by each member will likely make it impractical for the Utah Class members to seek redress individually for the wrongful conduct alleged herein. Moreover, separate actions by each individual member of the proposed Utah Class, and the resulting multiplicity of lawsuits,

would cause undue hardship and expense for the Court and the litigants. Finally, the prosecution of separate actions would also create a risk of inconsistent rulings.

e. Adequacy of Representative Plaintiffs: The Representative Plaintiffs in this class action are adequate representatives of the proposed Utah Class, since the Representative Plaintiffs' claims are identical to those of the proposed Utah Class, and thus, the Representative Plaintiffs have the same interests in this litigation as the members of the proposed Utah Class. The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel who are experienced in litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole. The Representative Plaintiffs anticipate no management difficulties in this litigation.

**FIRST CLAIM FOR RELIEF UNLAWFUL FAILURE TO PAY OVERTIME WAGES (FLSA Class)**

48. Representative Plaintiffs hereby incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

49. At all times relevant hereto, Representative Plaintiffs have been and continue to be entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

50. At all times relevant hereto, Teleperformance has been an employer as defined under 29 U.S.C. § 203(b) and (d).

51. At all times relevant hereto, Teleperformance has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

52. Defendant's failure to pay overtime compensation for any time worked by the CSRs in excess of 40 hours was in violation of the FLSA, 29 U.S.C. §§ 206 and 207.

53. Representative Plaintiffs and members of the proposed Nationwide FLSA Class typically worked a 40-hour on-the-clock work week (i.e., time when the CSRs were logged into the Teleperformance computer system and were considered "on the clock" for pay purposes); and thus, the uncompensated work performed by the CSRs, as described in Paragraphs 35-38, was often above-and-beyond the 40-hour "on the clock" work week.

54. The practices and polices described in Paragraphs 35-38, by which means the Representative Plaintiffs and proposed Nationwide FLSA Class members were deprived of overtime pay, is a company-wide practice which is applied to CSRs at Teleperformance Contact Centers nationwide.

55. Representative Plaintiffs and members of the proposed Nationwide FLSA Class are entitled to unpaid overtime compensation beginning three years prior to the filing of this Complaint because Teleperformance acted knowingly and willfully and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

56. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Teleperformance is liable pursuant to 29 U.S.C. § 216(b) for unpaid overtime compensation, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**SECOND CLAIM FOR RELIEF UNLAWFUL FAILURE TO PAY REGULAR WAGES**
**(Utah Class)**

57. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

58. Defendant, in violation of UPWA, failed to pay regular non-overtime wages to the Representative Plaintiffs, and members of the proposed Utah Class, by means of the policies and practices set forth above in Paragraphs 35 through 38.

59. There were times when the CSRs worked "on the clock" (i.e., time when the CSRs were logged into the Teleperformance computer system, and considered "on the clock" for pay purposes) less than 40 hours; and in such cases, at least some portion of the uncompensated work which the CSRs performed (as described in Paragraphs 35-38) were regular, non-overtime hours.

60. As a direct and proximate result of Teleperformance's violations of the UPWA, as set forth herein, Representative Plaintiffs and members of the proposed Utah Class have sustained damages, including loss of earnings for hours of regular time worked for Defendant, in an amount to be established at trial.

61. The Representative Plaintiffs and the members of the proposed Utah Class are entitled to an award of the full amount of the unpaid regular wages, beginning four years prior to the filing of this Complaint, as well as pre- and post-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and members of the proposed FLSA and Utah Classes, pray for judgment and the following specific relief against defendant Teleperformance as follows:

1. That the Court declare, adjudge and decree that this action is a proper class/collective action and certify the proposed FLSA Class, the Utah Class and/or any other appropriate subclasses under FRCP Rule 23 and 29 U.S.C. § 216;

2. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA and Utah Classes, with such notice informing them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit;

3. A Judgment and Decree declaring that Defendant violated the payment of regular wage provisions of the UPWA as to the Representative Plaintiffs and the members of the proposed Utah Class;

4. With regards to the UPWA violations, and as to the Representative Plaintiffs and the members of the proposed Utah Class, an award of the full amount of unpaid regular wages, beginning four years prior to the filing of this Complaint, as well as pre- and post-judgment interest, and such other legal and equitable relief as the Court deems just and proper;

5. A Judgment and Decree declaring that the Defendant willfully violated its legal duties to pay overtime under the FLSA;

6. With regards to the FLSA claims, and as to the Representative Plaintiffs and the members of the proposed Nationwide FLSA Class, an award of unpaid overtime compensation, together

with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action;

7. That this Court designate the named Plaintiffs as Class Representatives and their lawyers as Class Counsel;

8. Appropriate equitable and injunctive relief to remedy Teleperformance's violations of the FLSA and the UPWA, including but not necessarily limited to an order enjoining Teleperformance from continuing its unlawful practices.

**JURY DEMAND**

Representative Plaintiffs and the members of the proposed Nationwide FLSA Class and the proposed Utah Class hereby demand trial by jury on all issues triable of right by jury.

Respectfully Submitted,

Dated: May 15, 2008

Jesse S. Brar
Sharon L. Preston

*Attorneys for Plaintiffs*