# EXHIBIT G

## OTHER SIMILAR WEBSITES

# LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*for the plaintiffs since 1972*

| OUR FIRM | ATTORNEYS | SUCCESSES | CONTACT US | SEARCH |
|---|---|---|---|---|



HOME
OFFICES
CURRENT CASES
PRACTICE AREAS
MEDIA CENTER
ARTICLES
NEWS
ABOUT CLASS ACTIONS
CLASS NOTICES
NEWSLETTER
PUBLIC INTEREST CASES
TRIAL EXPERIENCE
LEGAL LINKS
EMPLOYMENT
ATTORNEY ADVERTISING DISCLAIMER
PRIVACY POLICY
SITE MAP

## NEWSLETTER

For updates on lawsuits of widespread public interest and settlements in class actions, please click here to sign up for our Consumer Law Newsletter.

## Waldbaum's, A&P and Food Emporium Overtime Pay Lawsuit

Print  |  Email

On June 24, 2004, Lieff Cabraser Heimann & Bernstein, LLP, with co-counsel, filed a class action lawsuit against The Great Atlantic & Pacific Tea Company, Inc., which operates A&P, The Food Emporium and Waldbaum's supermarkets. The plaintiffs, former employees of the stores, charge that the chains fail to pay employees overtime wages and delete hours actually worked from time records in violation of New York labor law.

The complaint seeks certification of a class of current and former full-time hourly employees of The Great Atlantic & Pacific Tea Company, Inc. (including A&P, Food Emporium, and Waldbaum's stores), in New York for past six years. The Great Atlantic & Pacific Tea Company, Inc., operates approximately 140 supermarkets in the state of New York.

Plaintiffs' motion for class certification has been fully briefed and argued and, as of January 2007, the parties are waiting for the Court's decision.

Previously, Lieff Cabraser represented approximately 900 current and former employees of A&P supermarkets in the greater New York City metropolitan area in a collective action lawsuit in federal court brought under the federal Fair Labor Standards Act. The plaintiffs there likewise sought unpaid overtime compensation resulting from A&P's alleged failure to compensate them for work performed "off-the-clock." In May 2004, the federal court approved a settlement providing $3.11 million to the plaintiffs.

The current suit is brought on behalf of many thousands of current and former Waldbaum's, A&P and The Food Emporium employees throughout New York state.

### Case Status

On July 3, 2007, New York State Supreme Court Judge Herman Cahn entered an Order granting class certification to plaintiffs' claims that A&P systematically denied overtime pay to their hourly employees. This Order means that the case will continue on behalf of thousands of cashiers, clerks, bakers, deli, and other hourly-paid workers in New York State who are challenging A&P's alleged failure to pay overtime since 1998.

"We are pleased that the Court recognized that the workers' claims against A&P for willfully forcing employees to work 'off-the-clock' to reduce payroll expenditures are suitable for review on a class-wide basis," said Rachel Geman, a partner at Lieff Cabraser Heimann & Bernstein.

### Contact Lieff Cabraser

Current and former hourly employees of A&P, The Food Emporium and Waldbaum's who wish to report their work experiences and learn more about this lawsuit, please click here to contact a Lieff Cabraser attorney.

### About Lieff Cabraser

Lieff Cabraser Heimann & Bernstein, LLP, is a 50-plus attorney law firm with offices in San Francisco, New York and Nashville. Our firm is committed to protecting the rights of employees nationwide to equitable treatment and fair wages. Lieff Cabraser employment attorneys have represented thousands of employees seeking to vindicate their rights in cases involving gender and race discrimination, overtime pay and wage



**EMPLOYMENT LAW**

Read how we hold employers liable for discrimination and other unfair workplace practices.



### E-mail Us



# WELLS FARGO OVERTIME CLASS ACTION SUIT

▸ Home
Sign Up
Attorney Profiles
Settlement Document
Media Resources

Privacy Notice
Disclaimer

## Wells Fargo Overtime Wages Class Action

### National Class Action Lawsuit Filed

Lieff, Cabraser, Heimann & Bernstein, LLP, along with Lewis, Feinberg, Renaker & Jackson, PC, and Rudy, Exelrod & Zieff, LLP, are serving as plaintiffs' counsel in a federal class action lawsuit charging that global financial services corporation Wells Fargo has a common practice of refusing to pay overtime compensation to its business systems automation and production support workers in violation of the Fair Labor Standards Act (FLSA). The proposed class consists of thousands of current and former employees with the title of Business Systems Consultants and Business Systems Analysts employed by Wells Fargo across America. The plaintiffs, Wells Fargo business systems employees, allege that Wells Fargo unlawfully characterizes its employees who automate business processes and provide production support as exempt in order to deprive them of overtime pay.

### October 2006 Update

Counsel for plaintiffs and counsel for defendants announced on October 9, 2006 that the parties have reached a settlement of the overtime pay class action lawsuit Gerlach v. Wells Fargo & Co., Case No. 05-CV-00585-CW. Learn more...

### January 2007 Update

On January 19, 2007, the Court granted final approval to the class action settlement. Claims are expected to be paid later this year.

**Contact Lieff Cabraser**

Current and former Business Systems Consultants and Business Systems Analysts are encouraged to report their work experiences at Wells Fargo. Your information will be held strictly confidential.

Trademark Notice: "Wells Fargo" is a registered trademark of Wells Fargo and Company. Lieff Cabraser Heimann & Bernstein, LLP is in no way affiliated with Wells Fargo and Company, and the "Wells Fargo" trademark is used solely for informational purposes.

Home | Sign Up | Attorney Profiles | Media Resources | Privacy Notice | Disclaimer



# *American Family Overtime Lawsuit.com*

*A newsletter from Plaintiffs' Counsel in the American Family Overtime Lawsuit*

| Home | Law Firms | Media Center | Contact Us |
|------|-----------|--------------|------------|

Current and former vehicle property damage claim adjusters of American Family Insurance have filed a nationwide class action lawsuit charging AmFam with failure to pay overtime wages. This website is sponsored by the national law firm of Lieff Cabraser Heimann & Bernstein, LLP and co-counsel.

E-mail Us



Media Center



Resources for Reporters

## American Family Insurance Workers File Nationwide Overtime Pay Class Action Lawsuit

### Recent Case Developments - November 2007

The American Family Insurance case is currently pending in the United States District Court for the District of Colorado challenging American Family's practice of not paying overtime wages to physical damage representatives. This consolidated case is comprised of the following two cases: (1) *Rocky Baldozier, et al. v. American Family Mutual Insurance Co.*, D. Colorado, Civil Case No. 04-cv-02174-WYD-CBS (the "*Baldozier* case"); and (2) *Robert Schultz v. American Family Mutual Insurance Co.*, N.D. Illinois, Civil Case No. 06-cv-00322-WYD-CBS (Northern District of Illinois Civil Case No. 04-cv-05512) (the "*Schultz* case").

### Defendant's Motions for Summary Judgment Denied

American Family filed motions asking the Court to dismiss the cases without a trial on the ground that the named Plaintiffs, who have brought this case on behalf of American Family physical damage representatives, are not entitled to overtime pay as a matter of law. Counsel for Plaintiffs opposed these motions, and the Court held a hearing on the two motions on September 18, 2006.

On October 9, 2007, the Court issued an Order denying American Family's motions. Click here to read a copy of this Order.

### History of the Case

On October 20, 2004, current and former vehicle property damage claim adjusters of American Family Insurance ("AmFam") filed a nationwide class action lawsuit in federal district court charging the company with failure to pay overtime wages in violation of federal and state labor laws.

**To contact an attorney regarding the American Family Overtime lawsuit, click here.**

The proposed class includes hundreds of vehicle property damage claim adjusters in 17 states. The complaint charges that AmFam unlawfully misclassifies its employees who process vehicle property damage claims as "exempt" from certain state and federal labor laws in order to deprive them of overtime pay.

### Relief Sought

The plaintiffs are asking the federal court to award compensation and damages to current and former employees who were denied overtime.

**To read a copy of the Complaint in the American Family Insurance Employee Overtime Lawsuit, click here (Adobe Acrobat .pdf format).**

### Contact Plaintiffs' Counsel

Current and former vehicle property damage claim adjusters of AmFam who wish to learn more about the lawsuit or share their work experiences with class counsel should click here or call toll-free 866-854-7830.

## Carriage Services Class Action Lawsuit

### Carriage May Owe You Money for Your Work as its Employee

There is a class action lawsuit from which you may be entitled to money if you sign up in time. This website tells you how to participate, as well as important information about the lawsuit.

We have filed a complaint because Carriage did not pay all the wages and overtime owed its employees. Click here for more details.

### You Must Act Quickly

Because of the statute of limitations, every day you delay asking to participate in any recovery will eliminate your ability to recover money outside that period. If you delay, we will not be able to help you get money back from that period. Therefore, to protect any amount you may be owed, you need to act immediately once you decide you would like to receive any money that may be awarded you.

### What You Must do to Receive any Money You are Owed

To be able to receive any money you are owed for the unpaid federal wages, you need to complete this consent form in time which will be filed with the Court. Click here to learn the eligibility requirements to participate.

Should Carriage be found to have not paid you overtime and/or failed to pay you for overtime for all hours worked and/or did not pay you for all time worked, a Court will decide how much overtime Carriage owes you. Please read this important information first before completing this form.

### Carriage Cannot Retaliate Against You for Joining

Federal law protects all employees for taking part in any lawsuit attempting to recover their overtime pay. Therefore, by participating in this lawsuit, you will become protected by federal law against any type of retaliation by your employer. However, if you do not participate in this action, or the other protected activities in the statute, you will obviously by under the protection that federal wage laws provide to you for other actions you may take. Click here to learn more about how you will be protected.

We also expect that with the number of employees that have joined, you would not stand out to Carriage if you participate.

**Contact Us to Investigate Your Claim**

We would be very glad to talk to you free of charge about your case confidentially, answer any questions, or investigate it further. Please contact us if you would like to do so. However, remember that any delay may cut off your right to recover some or all of the money you may be owed. Also, remember that until you send in your consent form, there is nothing we can do to protect your rights to get all of the back overtime you may be due.

* ATTORNEY ADVERTISING *

Carriage Class Action Lawsuit is being handled by Dolin, Thomas & Solomon LLP, Margolis Edelstein, and Leon Greenberg, P.C..

* Damage awards in other lawsuits are only identified as an example of the types of settlements obtained and
are not a guarantee of whether any recovery may be obtained in this case, or how much will be awarded.*

Please Contact Us if you have any questions, comments or if you need information.

Dolin, Thomas & Solomon LLP
693 East Avenue
Rochester NY, 14607
(585) 272-0540 (tel)
(585) 272-0574 (fax)





**firm** . practice groups . client service . media . resources . blog

## class action & impact litigation

Mission
Team
Practice Areas
   Individuals
 › **Class Actions**
   Public Interest
Recognition
Career Opportunities
Directions
Contact Us

"New York's Outten & Golden is famed in the market for its successful advice on class actions. Discrimination claims, and wage and hour issues form just a portion of the cases it undertakes against corporate giants like MetLife and Wal-Mart."

Chambers & Partners USA 2004

Class action and impact litigation are potent tools for curbing employer abuses from economic exploitation to gender-based glass ceilings. Through our class-based litigation efforts, we have obtained well in excess of $100,000,000 in back wages, together with substantial injunctive relief and other benefits on behalf of tens of thousands of workers throughout the United States. Currently, we are actively working on systemic discrimination class actmagions against major employers – such as Smith Barney and Morgan Stanley – as well as litigating nationwide overtime class actions in courts in New York and California.

### Just Filed
- Madison Square Garden - Race Discrimination Based on Results of Criminal Background Check

### Employment Discrimination Class Actions
- Morgan Stanley Race Discrimination
- Smith Barney Gender Discrimination
- Gristede's Supermarkets Sued for Gender Discrimination

### Wage and Hour Class Actions
- Buddha-Bar NYC Restaurant Withheld Mandatory Tips, Minimum Wages, and Overtime Wages
- Tao Restaurant Withheld Mandatory Tips, Minimum Wages, and Overtime Wages
- HealthFirst Marketing Representatives Overtime Litigation
- Food Bazaar Minimum Wage and Overtime Case Washington Mutual Loan Consultants, Loan Officers, and Loan Originators Overtime Pay Case
- Shelly's New York / Fireman Hospitality Group Withheld Tips, Minimum Wages, and Overtime Case
- Tyson Foods Meat Processing Plant Workers Unpaid Overtime Action
- American Home Mortgage Loan Officers Unpaid Overtime
- UPS Supervisor/Specialist Overtime Pay Class Action
- Nationwide IBM Tech Worker Overtime Pay Class Action
- Home Depot
- HSBC Call Center
- ClientLogic Call Center
- Duane Reade
- Constantin Control Associates Class Action
- JP Morgan Chase
- GEICO
- Wal-Mart
- A&P
- Gristede's, A&P, and Duane Reade Deliverymen
- TeleTech/Verizon Wireless
- Gristede's
- Donna Karan Garment Workers
- New York Apple Tours
- New York Sports Club
- Precision

### WARN Act
- Jevic Transportation, Inc.,

- Adam Aircraft Industries Inc
- Southern Star Mortgage
- Protected Vehicles
- First NLC
- EOS Airlines
- ATA Airlines
- Quaker Fabric Corporation
- Homebanc
- American Home Mortgage (WARN Act)
- First Magnus
- Delta Corporation/Fidelity Mortgage
- Alliance Bancorp
- Kitty Hawk

## Just Filed

**Madison Square Garden - Race Discrimination Based on Results of Criminal Background Check**
On August 14, 2008, O&G's client filed a class-wide race discrimination charge with the Equal Employment Opportunity Commission against Madison Square Garden alleging that MSG discriminates against African-American job applicants by illegally using criminal history reports in making hiring decisions. The charge alleges that, by revoking an offer of employment to O&G's client, MSG violated Title VII of the Civil Rights Act of 1964 and engaged in a policy or pattern and practice of discrimination against African-American job applicants. A corporate policy that bans hiring formerly incarcerated individuals has a disparate impact on African Americans and Hispanics because a disproportionate number of ex-offenders are racial minorities. An employer may not use hiring criteria that have a disparate impact on racial minorities unless it can show that those criteria are "job related" and "consistent with business necessity." New York City and State laws also prohibit employers from discriminating against job applicants on account of their criminal convictions unless there is a "direct relationship" between the conviction and the job at issue. O&G is currently investigating similar claims major retail chains and companies. O&G is co-counsel in this matter with Manhattan Legal Services.

Please contact Justin M. Swartz (jms@outtengolden.com) for more information or to discuss similar matters.

- Return to Top

**Jevic Transportation, Inc.,**
Outten & Golden filed suit against Jevic Transportation, Inc., Jevic Holding Corp., Creek Road Properties, LLC and Sun Capital Partners, Inc., seeking to recover 60 days wages and benefits for former employees of Jevic Transportation, Inc., who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). Jevic Transportation, Inc., terminated approximately 1200 employees at its facilities in New Jersey and other locations across the country on or about May 19, 2008, without providing them with advance written notice. The case is now pending in the U.S. Bankruptcy Court for the District of Delaware. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

- Return to Top

**Adam Aircraft Industries Inc**
Outten & Golden, filed suit against Adam Aircraft Industries Inc., in the Bankruptcy Court for the District of Colorado to secure the rights of former Adam Aircraft employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act). Adam Aircraft terminated approximately 800 employees at its facilities in Colorado on or about February 11, 2008 without providing them with advance written notice. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. Adam Aircraft terminated employees on February 11, 2008, without providing them with advance written notice. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

Return to Top

**EOS Airlines**
Outten & Golden, filed suit against EOS Airlines Inc., in the Bankruptcy Court for the Southern District of New York to secure the rights of former EOS Airlines' employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act). EOS Airlines terminated approximately 350 employees at its facilities in Purchase, NY and JFK on or about April 27, 2008 without providing them with advance written notice. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. EOS Airlines terminated employees on April 27, 2008, without providing them with advance written notice. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

Return to Top

**ATA Airlines**
Outten & Golden filed suit against ATA Airlines, Inc., Global Aero Logistics, Inc. and MatlinPatterson ATA Holdings, LLC., seeking to recover 60 days wages and benefits for former employees of ATA Airlines who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). ATA Airlines terminated approximately 1000 employees at their facilities in Chicago, IL, Bedford Park, IL, Dallas, TX, Honolulu, HI, Indianapolis, IN, Oakland, CA, Phoenix, AZ, and Jamaica and Flushing, NY, on or about April 3, 2008, without providing them with advance written notice. The case is now pending in the Bankruptcy Court, Southern District of Indiana. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

Return to Top

**Tyson Foods Meat Processing Plant Workers Unpaid Overtime Action**
Outten & Golden, along with co-counsel Stueve Siegel Hanson Woody LLP, has filed a class action lawsuit against Tyson Foods alleging that employees in Tyson's Garden City, Kansas meat processing plant did not receive wages and overtime pay as required by the federal Fair Labor Standards Act (FLSA) and Kansas state law. The case is called, "Garcia et al. v. Tyson Foods Inc. et al" (No. 06-2198-JWL) and is pending in U.S. District Court in Kansas City, Kansas. The workers allege that they were not paid for work duties including donning and doffing required work uniforms, putting on safety equipment (work pants; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts, holsters and knives; and hand and arm protection), and walking to and from the changing area, work areas, and break areas. More than 800 workers have joined the case as opt-in plaintiffs.

On February 16, 2007, the Judge presiding over our case denied Tyson's request to dismiss the case. This decision clears the way for our clients to request that the case proceed as a class action. The Judge's decision cites the United States Supreme Court's 2005 decision holding that any activity that is "integral and indispensable" to a "principal activity" performed by workers is compensable under the Fair Labor Standards Act.

Please email Justin M. Swartz jms@outtengolden.com or Linda A. Neilan lan@outtengolden.com or call (212) 245-1000 for more information.

Return to Top

**Gristede's Supermarkets Sued for Gender Discrimination**
NEW YORK, October 24, 2006 /PRNewswire/ - Gristede's Operating Corp., which owns Gristede's supermarkets, faces allegations by former employees that the grocery store chain violated civil rights laws by segregating women into lower-paying jobs and failing to promote them to management positions, according to the New York law firm representing the former employees.

In a case filed Monday in New York federal court, the named plaintiffs – Vanessa Hill and Margaret Anderson, both of the Bronx – allege violations of Title VII of the Civil Rights Act, the New York State Human Rights Law, and the New York City Human Rights Law. Both women worked as part-time cashiers at Gristede's in Manhattan. Hill

worked for Gristede's from February 1999 to January 2004, and Anderson worked there from November 2004 to December 2004.

The law firm of Outten & Golden LLP will seek to have the case certified as a class action that includes current and former female employees of Gristede's. According to the Complaint, Gristede's steers female job applicants into cashier and bookkeeper positions, while steering male applicants into clerk positions. The Complaint alleges that Gristede's offers the clerks more opportunities for extra hours, full-time work, and promotion to management than it offers to cashiers and bookkeepers.

Attorney Piper Hoffman, of Outten & Golden, said, "We allege that the discrimination has been company-wide and pervasive. We believe the evidence will show that Gristede's intentionally segregates women into positions that pay less and keeps them out of management." Hoffman estimates that the lawsuit could include more than 3,000 women.

The case is "Hill v. Gristede's Operating Corp." (No. 06 CV 10197) (LTS) in the U.S. District Court for the Southern District of New York.

Attorney Contact:

Piper Hoffman (ph@outtengolden.com)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, N.Y. 10016
Phone: (212) 245-1000 or (877) 468-8836
Web: www.outtengolden.com

☐ Return to Top

### Shelly's New York / Fireman Hospitality Group Withheld Tips, Minimum Wages, and Overtime Case

Outten & Golden LLP and our co-counsel, the Asian American Legal Defense & Education Fund, represent a group of workers from Shelly's Prime Steak, Stone Crab & Oyster Bar, an upscale restaurant in Midtown Manhattan, in a lawsuit charging that Shelly's, and its parent company, Fireman Hospitality Group, misappropriated tips, failed to pay overtime, and paid workers less than the minimum wage.

Servers, runners, bussers, and bartenders who have worked at Shelly's between June 7, 2000 and the present may be eligible to be part of the lawsuit.

The four named plaintiffs in the suit are members of the Restaurant Opportunities Center in New York (ROC-NY), an organization that fights for New York restaurant worker's rights.

Outten & Golden LLP is currently investigating reports of similar practices at other restaurants in the Fireman Hospitality Group, and at other New York City restaurants. More than 50 current and former employees of the Redeye Grill, another Fireman Hospitality Group restaurant, filed a federal lawsuit in January 2006 alleging similar violations of the Fair Labor Standards Act and the New York Labor Law. Plaintiffs in the Redeye Grill lawsuit are also members of ROC- NY.

Please email Justin M. Swartz (jms@outtengolden.com) or Anjana Samant (as@outtengolden.com) or call (212) 245-1000 for more information.

☐ Return to Top

### Washington Mutual Loan Consultants, Loan Officers, and Loan Originators Overtime Pay Case

NEW YORK, June 6 /PRNewswire/ - Washington Mutual Inc. (NYSE:WM) faces allegations by former employees in New York, California and Illinois that the company violated labor laws by failing to pay overtime wages and the federal minimum wage of $5.15 per hour worked, according to two law firms representing the former employees.

In a case filed Monday in New York federal court, the named plaintiffs - Dewone Westerfield, of Grand Rapids, Mich., Charlotte Machado of Trussville, Ala, and Patricia Kemesies, of East Islip, N.Y., allege violations of the federal Fair Labor Standards Act ("FLSA") and various state labor laws.

The law firms of Nichols Kaster & Anderson, PLLP, of Minneapolis, Minn., and Outten & Golden LLP, of New York, will seek to have the case certified as a collective action that includes current or former home loan consultants (also referred to as loan officers and loan originators) who worked for Washington Mutual nationwide.

Ms. Kemesies worked as a home loan consultant at a Washington Mutual center in Hauppauge, N.Y. Ms. Machado worked for the company in Modesto, Calif. Mr. Westerfield worked for the company at a Chicago office.

According to the Complaint, the Washington Mutual home loan consultants regularly work hours in excess of 40 per week and have not received overtime compensation for all hours worked. If the loans they handle are not approved, the consultants may receive no pay for the long hours they work, and this practice violates the minimum wage law, according to the law firms.

Attorney Paul J. Lukas, of Nichols Kaster & Anderson, said, "We allege that the unlawful conduct has been widespread, repeated and consistent. We believe that Washington Mutual has willfully committed widespread violations of the FLSA, and that the company knew that these employees and others performed work that required overtime pay and minimum wages."

Attorney Jack A. Raisner, of Outten & Golden said, "The law does not allow employers to avoid paying overtime compensation to people who handle mortgages and loans on a strictly commission basis. Paying them less than minimum wage when their commissions dip is particularly harsh given the long hours these people work."

The case is "Westerfield v. Washington Mutual Inc.," (No. 06 Civ 2817 CBA) in the U.S. District Court for the Eastern District of New York.

Attorney Contacts:

Jack Raisner
Outten & Golden LLP
New York
(212) 245-1000

Donald H. Nichols
nichols@nka.com

☐ Return to Top

**Food Bazaar Minimum Wage and Overtime Case**
Nine workers have filed suit for egregious violations of Federal and New York Labor laws at the Food Bazaar Supermarket in the Bushwick neighborhood of Brooklyn. The suit, filed yesterday in the United States District Court for the Eastern District of New York, asks the court to award them more than $1.5 million in damages resulting from unpaid minimum wages and overtime compensation.

The nine workers, employed as grocery baggers, received no wages despite work schedules that exceeded fifty to sixty hours per week. Although they received tips from customers, the workers' earnings from tips fell well below the required minimum wage. Under both New York and Federal law, the supermarket was required to pay the full minimum wage plus additional overtime pay for work weeks that exceeded forty hours.

Dinora Aybar, one of the nine plaintiffs and who worked at the supermarket for more than seven years, said, "They took advantage of our fears and made us compete with one another for crumbs. We worked there because this supermarket is in our community; we helped their business and they rewarded us for our hard work by firing us after not paying us for so many years."

"The complaint alleges that, in addition to bagging groceries, Plaintiffs were required to fill in for cashiers, clean the check-out aisles, and restock unwanted grocery items—all at the direction of the Defendants," explained Linda Neilan, an attorney with Outten & Golden LLP, who together with the Urban Justice Center represents the Plaintiffs.

According to David Colodny, an attorney with the Urban Justice Center, "The law is very clear that when an employer suffers or permits someone to work, the employer has to pay that person for the work." Added Cara Greene, another Outten & Golden LLP attorney, "The federal and state labor laws were enacted to address situations exactly like this."

The Bushwick Food Bazaar Supermarket is located at 454 Wyckoff Avenue, and is owned and operated by Bogopa, Inc. and Bogopa Service Corp. The Chief Executive Officer of both companies is Hwee Ill An. Bogopa Service Corp. is the parent company of eleven supermarkets in Brooklyn, Queens, the Bronx, and New Jersey, doing business under the trade names Food Bazaar and Food Dimensions.

The Plaintiffs are represented by Outten & Golden LLP and the Urban Justice Center.

Please email Linda A. Neilan (lan@outtengolden.com) or Cara E. Greene (ceg@outtengolden.com) or call (212) 245-1000 for more information.

☐ Return to Top

## Employment Discrimination Class Actions

### Morgan Stanley Race Discrimination

Outten & Golden LLP and our co-lead counsel, Lieff Cabraser Heimann & Bernstein, LLP, and Altshuler Berzon LLP, represent a former Financial Advisor at Morgan Stanley DW, Inc. in a national class action race discrimination lawsuit filed in federal court in San Francisco. The case charges that Morgan Stanley's retail brokerage arm engaged in a pattern and practice of race discrimination against its African American and Latino Financial Advisors and Financial Advisor Registered Trainees in compensation by favoring African American and Latino Financial Advisors and Registered Trainees in the distribution of business opportunities, accounts and other terms and conditions of employment throughout the company. A proposed settlement has been filed with the Court that provides for a class fund and substantial injunctive relief.

☐ Return to Top

### Smith Barney Gender Discrimination

Outten & Golden LLP represents four female financial consultants who filed a national class action lawsuit on March 31, 2005 in federal court in San Francisco. The lawsuit charges sex discrimination at Smith Barney, the retail brokerage arm of Citigroup, which is the nation's largest financial institution. Our co-counsel on this case are Lieff, Cabraser, Heimann & Bernstein, LLP of San Francisco and Mehri & Skalet, PLLC, of Washington, DC.

The lawsuit, Fassbender Amochaev v. Citigroup Global Markets Inc., dba Smith Barney, alleges that Smith Barney has engaged in a pattern and practice of gender discrimination against its female financial consultants in account distribution, compensation, and other terms and conditions of employment throughout the company. The women allege violations of Title VII of the Civil Rights Act of 1964 and California law.

The complaint charges that, among other things, Smith Barney discriminates against women in the account distribution process, routinely assigning smaller and less valuable accounts to female brokers, including those who outperform their male counterparts; fails to provide women with the same level of sales and administrative support as it provides to men; and maintains a corporate culture hostile to female professionals.

People interested in the lawsuit should visit www.genderlawsuitagainstsmithbarney.com, where they can submit information, or call 1-800-642-8330 to leave a message for plaintiffs' counsel. They can also contact Adam T. Klein, Piper Hoffman, or Justin M. Swartz at (212) 245-1000 for more information.

Media coverage of this case:

- AP Article - March 31, 2005
- New York Times Article - April 01, 2005

☐ Return to Top

## Wage and Hour Class Actions

### Buddha-Bar NYC Restaurant Withheld Mandatory Tips, Minimum Wages, and Overtime Wages

On March 12, 2008, Outten & Golden filed a class action lawsuit against Buddha-Bar NYC, a trendy restaurant located in New York City's Meat Packing District. The plaintiffs allege that Buddha-Bar withheld from workers mandatory tips or "service charges" collected from customers who were contracting with the restaurant for private parties and functions. The plaintiffs also allege that Buddha-Bar failed to pay workers the minimum wage as well as overtime compensation for all hours worked over 40 per week. Servers, runners, bussers, bartenders, barbacks, and cocktail waitresses who worked at Buddha-Bar between March 12, 2002 and the present may

be eligible to be part of the lawsuit.

Outten & Golden LLP is currently investigating reports of similar practices at other New York City restaurants.

Please email Justin M. Swartz (jms@outtengolden.com) or Linda A. Neilan (lan@outtengolden.com) or call (212) 245-1000 for more information.

☐ Return to Top

**Tao Restaurant Withheld Mandatory Tips, Minimum Wages, and Overtime Wages**
On June 26, 2008, Outten & Golden filed a class action lawsuit against Tao Restaurant, a trendy, upscale restaurant located in Midtown Manhattan. The plaintiffs allege that Tao withheld from workers mandatory tips or "service charges" collected from customers who were contracting with the restaurant for private parties and functions. The plaintiffs also allege that Tao failed to pay workers the minimum wage as well as overtime compensation for all hours worked over 40 per week. Servers, runners, bussers, and other hourly food service employees who worked at Tao between June 26, 2002 and the present may be eligible to be part of the lawsuit.

Outten & Golden LLP is currently investigating reports of similar practices at other New York City restaurants.

Please email Justin M. Swartz (jms@outtengolden.com) or Linda A. Neilan (lan@outtengolden.com) or call (212) 245-1000 for more information.

☐ Return to Top

**HealthFirst Marketing Representatives Overtime Litigation**
Outten & Golden LLP filed a class action lawsuit against HealthFirst, Inc., an HMO that provides Medicaid and other free health insurance programs to low-income New Yorkers, alleging that the company violated federal and state overtime laws by failing to pay overtime for hours worked over forty in a week. The plaintiffs, whom HealthFirst claims are exempt outside salespeople, are current and former Marketing Representatives who regularly worked well over forty hours per week identifying Medicaid-eligible individuals at various locations throughout New York City and Long Island and helping them sign-up for free health insurance programs. The case is called "Willix et al. v. HealthFirst, Inc. et al." (No. 07-1143), and is currently pending in the district court for the Eastern District of New York before District Court Judge Eric N. Vitaliano and Magistrate Judge Ramon E. Reyes, Jr.

Please contact Justin M. Swartz (jms@outtengolden.com) or Rachel Bien (rmb@outtengolden.com) for more information.

☐ Return to Top

**American Home Mortgage Loan Officers Unpaid Overtime**
Outten & Golden, has filed a nationwide class action lawsuit against American Home Mortgage alleging that loan officers were not paid overtime pay and minimum wage as required by the federal Fair Labor Standards Act (FLSA) and the state laws of California, New York, Illinois, Wisconsin, Washington, Colorado and New Jersey. The case is called, "Abrams et al. v. American Home Mortgage. et al" (No. C07-03252) and is pending in U.S. District Court for Northern California, San Francisco. The loan officers allege that they were paid on a commission-only basis for originating mortgage loan that they submitted to the company for processing. They worked in excess of 40 hours a week for which they received no extra compensation, and sometimes no compensation at all.

**Other Attorneys Working on this Case**

Outten & Golden LLP is handling this case in cooperation with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

**UPS Supervisor/Specialist Overtime Pay Class Action**
Current and former United Parcel Service (NYSE:UPS) human resources department employees allege in a federal lawsuit that the company violated federal and New York state labor laws by misclassifying employees as exempt from federal overtime requirements, according to the law firm representing the employees.

Joseph Dorfman, of Amenia, N.Y., and Maryann Barone, of West Babylon, N.Y., allege in a lawsuit filed Feb. 16 that current and former employees at New York state

facilities, including supervisors, part-time supervisors, specialists and part-time specialists, were misclassified by UPS as salaried employees exempt from the overtime requirements of the federal Fair Labor Standards Act ("FLSA").

The law firm of Outten & Golden LLP, of New York, represents Mr. Dorfman and Ms. Barone, and will seek to have the case certified as a class action that includes current or former misclassified supervisor/specialist employees of UPS in the state of New York.

According to the Complaint, Mr. Dorfman, who has been employed by UPS since 2000, worked at the company's Maspeth, N.Y., facility, and Ms. Barone, who worked for the company for about five years until 2005, was employed at UPS human resources department facilities in New York, Connecticut and New Jersey.

Jack A. Raisner, an attorney at Outten & Golden's New York office, said, "We allege that UPS committed over a period of several years widespread violations of the FLSA by misclassifying New York employees in supervisor/specialist positions as exempt. We also allege that UPS reclassified certain employees as non-exempt early in or about January 2005, but has not paid them for overtime worked during several years prior to the filing of this suit."

The case is "Joseph Dorfman and Maryann Barone v. United Parcel Service" (No. 06 CV 00703) in the U.S. District Court for the Eastern District of New York.

Please contact Jack Raisner by e-mail (jar@outtengolden.com) or phone (212) 245-1000 for more information.

**Nationwide IBM Tech Worker Overtime Pay Class Action**

On January 24, 2006, current and former IBM technical support employees filed a class action lawsuit against IBM alleging it failed to pay overtime wages in violation of federal and state labor laws. The suit, entitled Rosenberg et al. v. IBM, was filed in federal court in San Francisco.

The complaint charges that IBM illegally treats its employees who install, maintain or support computer software or equipment as "exempt" under federal and state labor laws so it does not have to pay them overtime.

**Who Is In This Class?**

The proposed classes in the class action include current and former IBM technical support workers with the primary duties of installing, maintaining, or supporting computer software and/or hardware for IBM who were not paid for their overtime work because IBM wrongly classified these employees as exempt.

**What The Plaintiffs Want**

The plaintiffs are asking the federal court to order IBM to pay technical employees for the overtime they have worked in the past, and to start paying overtime to employees who are eligible for it.

**Share Your Experience/Contact an Attorney**

The plaintiffs are represented by Outten & Golden LLP along with a several other firms nationwide including Lieff, Cabraser, Heimann & Bernstein, LLP in San Francisco, CA; Lewis Feinberg Renaker & Jackson, P.C. in Oakland, CA; Rudy, Exelrod & Zieff, LLP in San Francisco, CA; Spiro, Moss, Barness, Harrison & Barge, LLP in Los Angeles, CA; Lee & Braziel, LLP in Dallas, TX; Bruckner Burch, PLLC in Houston, TX; and Goldstein, Demchak, Baller, Borgen & Dardarian in Oakland, CA.

Please visit the case website at www.overtimepaylawsuitagainstibm.com, email Justin M. Swartz (jms@outtengolden.com) or Piper Hoffman (ph@outtengolden.com), or call toll free (877) 468-8836 for more information.

**Home Depot Overtime Class Action**

O&G represents a former computer room supervisor and a former bookkeeper at Home Depot's Flushing, New York store, in a suit for unpaid regular and overtime wages for all current and former Flushing store workers dating back to July, 1999. The case, Hernandez v. Home Depot, has been filed in the U.S. District Court for the Eastern District of New York in Brooklyn and seeks to force Home Depot to pay hundreds employees the regular and overtime wages that they earned. The workers are seeking class action status.

These former Home Depot workers allege that, in violation of the Fair Labor Standards Act and New York wage and hour law, a Flushing Home Depot store manager pressured them to alter payroll records and shave overtime hours from other Home

Depot workers store-wide, with the intent to reduce labor costs and thereby boost the manager's perceived performance. One of the plaintiffs, Dora Hernandez, alleges that Home Depot terminated her for complaining about this practice.

The Flushing Home Depot store was at one point the largest-grossing store in the home improvement superstore's chain. O&G is currently investigating the extent and impact of this alleged hour-shaving scheme, which is estimated to have affected hundreds of Home Depot workers.

Please contact Tarik Ajami (tfa@outtengolden.com) or Jack Raisner (jar@outtengolden.com) for more information.

☐ Return to Top

**HSBC Call Center Overtime Class Action**
O&G represents two former HSBC call center workers from HSBC's call center facilities in Buffalo, NY and Depew, NY in a lawsuit alleging that HSBC denied them and their coworkers overtime pay required by federal Fair Labor Standards Act ("FLSA") and New York state wage and hour laws. Our clients, James Stefaniak and Keith Panaccione, in their Class Action Complaint, allege that they were required to perform work outside their scheduled shifts, for HSBC's benefit, without compensation, and without the overtime premium that the wage and hour laws require employers to pay for hours worked in excess of 40 hours in a workweek.

Based on O&G's investigations into similar overtime practices at other call centers, it appears that HSBC is part of a larger industry trend -- requiring low-paid call center workers to work outside of their scheduled shifts without compensation or overtime pay. O&G's clients have filed class action lawsuits against several other companies that run call centers, including TeleTech, JP Morgan Chase, GEICO, and ClientLogic for similar practices that would violate the Fair Labor Standards Act and state wage and hour laws. O&G is currently investigating similar practices at other call centers in the Buffalo, NY area and nationwide, including an Adelphia call center in the Buffalo, NY area.

The case, James Stefaniak and Keith Panaccione v. HSBC Bank USA Inc., No. 05 CV 6528 in the U.S. District Court for the Southern District of New York, seeks to force HSBC to pay thousands of employees the wages that they earned. The workers are seeking class action status.

HSBC runs call centers in Buffalo, N.Y.; Depew, N.Y.; Chesapeake, Va.; Wood Dale, Ill.; Las Vegas, Nev.; and other locations.
Please contact Justin M. Swartz (jms@outtengolden.com) or Tammy Marzigliano (tm@outtengolden.com) for more information.

☐ Return to Top

**ClientLogic Call Center Overtime Class Action**
**Did you receive a notice in the mail?** Click here for FAQs,

More than 175 current and former ClientLogic call center workers have joined a federal lawsuit against ClientLogic alleging overtime violations. O&G has been contacted by more than 200 current and former ClientLogic call center workers from its call center facilities in Buffalo, NY; Lake City, FL; Kingstree, SC; and Starkville, MS; Huntington, WV and Las Vegas, NV.

In May 2005, two workers from ClientLogic's Buffalo, NY call center filed a class action lawsuit alleging that they were required to perform work outside their scheduled shifts, for ClientLogic's benefit, without being paid regular pay or overtime pay. In investigating the claims against ClientLogic and other companies that run call centers, including TeleTech, JP Morgan Chase, GEICO, and HSBC, O&G has found this requirement to be a common practice in the call center industry. This violates the Fair Labor Standards Act (FLSA) and the New York State Labor Law which require ClientLogic to pay its hourly workers time and a half for all hours that they work beyond forty hours in a workweek - including time that they work outside of their scheduled shifts.

The case, Hens v. ClientLogic Operating Corporation, No. 05 CV 0381, in the U.S. District Court for the Western District of New York, seeks to force ClientLogic to pay thousands of employees the wages that they earned. The workers are seeking class action status.

ClientLogic's call center customers include Sony, Microsoft and DirectTV. ClientLogic runs call centers in Buffalo, NY; Kenmore, NY; Tonawanda, NY; Andalusia, AL; Hamilton, AL; Winfield, AL; Milford, DE.; Lake City, FL.; Bogalusa, LA.; Starkville, MS;

Las Vegas, NV.; Bloomfield, NJ; Clifton, NJ; Fairlawn, NJ; Weehawken, NJ; Albuquerque, NM; Asheville, NC; Columbus, OH; Bartlesville, OK; Norman, OK; Kingstree, SC; Nashville, TN; Oak Ridge, TN; Dallas, TX; Port Arthur, TX; and Huntington, WV.

Please contact Justin M. Swartz (jms@outtengolden.com), ReNika C. Moore (rcm@outtengolden.com), or Cara Greene (ceg@outtengolden.com for more information.

☐ Return to Top

**Duane Reade**
O&G represents Kelvin Damassia, who filed a class action lawsuit against Duane Reade, Inc. for overtime violations in its drug stores throughout New York State. The suit, which was filed in federal court in New York, charges that the drug store chain, the largest in the New York metropolitan area, has engaged in a pattern of denying overtime to many of its employees by improperly categorizing them as exempt from the overtime requirements of the Fair Labor Standards Act and New York State Labor Law.

Please contact Linda A. Neilan (lan@outtengolden.com) or Justin M. Swartz (jms@outtengolden.com) for more information."

☐ Return to Top

**Constantin Control Associates Class Action**
O&G represents former Constantin Control Associates employees who filed a class action lawsuit in federal court seeking unpaid overtime and related remedies. The suit alleges that Constantin Control Associates has avoided paying overtime wages by misclassifying certain employees as hourly "consultants" in violation of the federal Fair Labor Standards Act and New York's Labor Law. The employees contend that they were placed into clerical positions at various financial institutions such as J.P. Morgan Chase, Bank of New York, Trust/Deutsche Bank, Rabobank, and ABN-AMRO while only receiving payment at their straight hourly rate for hours worked in excess of 40 in the work week.

☐ Return to Top

**JP Morgan Chase Class Actions**
*Customer Service and Call Center Workers*

O&G represents current and former J.P. Morgan Chase customer service employees in New York who filed a class action lawsuit in state court seeking unpaid overtime and related remedies. The suit alleges that J.P. Morgan Chase has avoided paying overtime wages by misclassifying certain employees under New York's Labor Law. The employees contend that their jobs entail routine customer service functions for which J.P. Morgan Chase properly had paid them time-and-a-half overtime in the past. But after J.P. Morgan promoted them into re-titled positions, it stopped paying them overtime, although their functions remained the same. The claimants' job titles include client service officer, account officer, and assistant treasurer. According to Adam Klein, a lawyer with Outten & Golden LLP, one of the firms representing the employees: "There's been a lot of renaming of positions at J.P. Morgan, given the recent mergers. Along the way, the company has been converting positions from overtime-paying jobs, to exempt ones. The problem is that the employees are doing the same work as before. Employers are not relieved from their overtime obligations by 'promoting' employees into fancier-sounding positions that are different in name only."

The lawsuit also alleges that J.P. Morgan Chase requires its telephone-dedicated employees to work prior to and after their scheduled telephone shifts without pay in call centers located in New York State.

*Call Center Workers*

O&G represents a former J.P. Morgan Chase & Co. call center worker in Texas who filed a collective action lawsuit in federal court pursuant to the federal Fair Labor Standards Act. Outten & Golden has teamed up with two of Texas' top plaintiffs' law firms, Edwards & George and Bruckner Burch, to represent plaintiffs who worked in Texas, Florida, Arizona, Delaware, and several other states. The suit alleges that J.P. Morgan Chase requires its telephone-dedicated employees to work prior to and after their scheduled telephone shifts without pay in call centers located in numerous states. The case seeks recovery of unpaid wages and overtime premium pay for telephone-dedicated employees, who had to work before and after their scheduled telephone shifts without pay.

☐ Return to Top

## GEICO Class Action

*Tillman et al. v. GEICO* is a class action lawsuit filed on July 25, 2003, in New York State Supreme Court in Nassau County. Outten & Golden has joined with two of Texas' top plaintiffs' law firms, Edwards & George and Bruckner Burch, to represent the plaintiffs. The plaintiffs have brought the case under New York State law on behalf of all telephone-dedicated hourly employees who have been, or will be, employed by GEICO in its Woodbury, New York, facility at any time after July 25, 1997, through the date of final disposition of the action, who worked as telephone-dedicated employees in the Sales, Service, Direct Handling, or Claims Department. Those positions include: Sales Counselor, Sales Associate, Sales Representative, Liability Examiner, Direct Handler, Claims Representative, Liability Representative, Insurance Counselor, and Customer Service Representative. The case seeks recovery of unpaid wages and overtime premium pay for telephone-dedicated employees who had to work before and after their scheduled telephone shifts without pay. A settlement has been reached that provides for substantial monetary relief to the class. The terms of the settlement were approved by the court in late 2004, and the case is now closed.

☐ Return to Top

## Wal-Mart Class Action
www.lieffcabraser.com/wal-mart.htm

We serve as co-lead plaintiffs' counsel, with Lieff Cabraser Heimann & Bernstein, LLP, in a class action lawsuit against Wal-Mart alleging that a class of approximately 80,000 hourly-rate employees in NY state have not received proper compensation for all hours worked (off-the-clock) or overtime premium pay in violation of the New York State Labor Law.

☐ Return to Top

## A&P Class Action
*Foster et al v. Food Emporium*

We serve as co-lead plaintiffs' counsel with Lieff, Cabraser, Heimann & Bernstein, LLP, in a lawsuit against the Great Atlantic & Pacific Tea Company (A&P) alleging that a class of hourly-rate employees within the New York Metropolitan area have not received proper compensation for all hours worked (off-the-clock) or overtime premium pay for all hours worked in excess of 40 in a work week, in violation of the Fair Labor Standards Act (FLSA). A settlement has been approved by the court that provides for a total payment of $3,110,000.

*Lamarca et al v. A&P*

On June 24, 2004, Outten & Golden LLP filed a second class action lawsuit against the Great Atlantic & Pacific Tea Company, Inc., which operates A&P, The Food Emporium, and Waldbaum's. The plaintiffs, former employees of the supermarkets, charge that the chains fail to pay employees overtime wages and delete hours actually worked from time records in violation of New York labor law. The case covers all hourly full-time employees who were employed by A&P, The Food Emporium, and Waldbaum's in the State of New York from June 24, 1998, to the present.

☐ Return to Top

## Gristede's, A&P, and Duane Reade Deliverymen Class Action
www.nelp.org

We serve as co-lead plaintiffs' counsel with the National Employment Law Project (NELP) in a class action lawsuit against Gristedes, the Great Atlantic & Pacific Tea Company (A&P), Duane Reade, and two labor agents alleging that a class of deliverymen have worked six or seven days a week, 10 to 12 hours a day, delivering groceries for sub-minimum wages in violation of the Fair Labor Standards Act (FLSA) and the New York State Labor Law. The Attorney General of the State of New York has also filed a lawsuit against A&P and is investigating these practices against the other defendants.

A class-wide settlement has been reached with four defendants in the total amount of $8.1 million plus additional job-related benefits.

☐ Return to Top

## TeleTech/Verizon Wireless

O&G represents call center workers in a collective/class action arbitration against TeleTech before the American Arbitration Association pursuant to the federal Fair Labor Standards Act, the New York Labor Law, and other state laws. Outten & Golden LLP has teamed up with the Kansas City, Missouri, law firm of Stueve Siegel Hanson Woody LLP to represent plaintiffs who work in call centers located in New York, Kansas, Virginia, and other locations. The arbitration demand, initially on behalf of some 900 workers, alleges that TeleTech requires its telephone-dedicated employees to work prior to and after their scheduled telephone shifts without pay. The case seeks recovery of unpaid wages and overtime premium pay for telephone-dedicated employees, who had to work before and after their scheduled telephone shifts without pay.

Return to Top

**Gristede's**
O&G represents current and former Gristede's grocery store employees in New York who filed a class action lawsuit in federal court seeking unpaid overtime and related remedies. The suit alleges that Gristede's has avoided paying overtime wages by misclassifying co-managers and night managers as exempt from the overtime requirements of the Fair Labor Standards Act and New York's Labor Law. The suit also alleges that Gristede's failed to pay other employees for all hours worked. The Complaint was recently amended to add a fraud claim based on allegations in the complaint that Gristede's systematically cheated workers out of millions of dollars in earned wages by falsifying payroll records. The Amended Complaint also added claims against the owner of Gristede's, John Catsimatidis, and two senior managers.

On September 29, 2006, Judge Crotty certified this case as a class and collective action. In deciding the motion for class certification in favor of the plaintiffs, the Court observed that "Given Gristede's practice of treating co-managers and department managers as hourly workers, it is irrelevant that some individual plaintiffs or others similarly situated may have assumed duties that would otherwise make them exempt under the regulations. . . . Gristede's clearly sought to treat workers as "hourly" for some purposes (i.e., docking them for hours not worked during the workweek), but "salaried" for other purposes (i.e., not paying them overtime for hours worked in excess of the workweek). The Court also noted that: "Here, the two provisions at issue expressly require that executive and administrative employees be paid a salary. Such salaried compensation, by definition, cannot be the hourly wages Gristede's admitted company policy dictates. Since Plaintiffs have adduced convincing evidence that Gristede's acknowledged company policy treated co-managers and department managers as hourly employees, Defendants cannot defeat commonality by pointing to individualized exemption determinations on the basis of duties."

According to published sources, Gristede's, a leading New York City supermarket chain, is a subsidiary of the Red Apple Group. Another subsidiary of the Red Apple Group is United Refining, which processes 65,000 barrels of oil a day, distributes fuel to its 372 Country Fair/Red Apple gas stations/convenience stores in New York, Pennsylvania, and Ohio. The Red Apple Group also has real estate, aircraft leasing, and newspaper operations.

**Donna Karan Garment Workers' Class Action**
www.aaldef.org

We serve as co-lead plaintiffs' counsel with the Asian American Legal Defense and Education Fund (AALDEF) in a lawsuit against Donna Karan alleging that a class of garment workers were forced to work seven days a week, 12 hours a day, sewing high-priced clothing for Donna Karan at a unionized factory in New York's fashion district and that they did not receive minimum wage & overtime pay in violation of the Fair Labor Standards Act (FLSA) and the New York State Labor Law. The case is now settled.

Return to Top

**New York Apple Tours Class Action**
We serve as co-lead plaintiffs' counsel in a lawsuit against New York Apple Tours alleging that a class of drivers and tour guides did not receive overtime premium pay for hours worked in excess of 40 in a work week in violation of the Fair Labor Standards Act (FLSA) and other wage and hour violations of the New York State Labor Law. The court certified this as a class action under both Federal and State Law. The case is now settled.

We are investigating a number of potential employment discrimination class actions and class-based wage and hour claims. Please contact Adam T. Klein for further information.

### New York Sports Club Class Action

On February 24, 2005, O&G filed a New York Supreme Court class action lawsuit against Town Sports International, Inc., the owner of the New York Sports Club, Boston Sports Club, Philadelphia Sports Club, and Washington Sports Club health and fitness clubs alleging that New York Sports Club has failed to pay its New York-based personal trainers and assistant fitness managers for all of the time that they worked and failed to pay them overtime compensation to which they are entitled under the New York Labor Law.

The personal trainers claim that New York Sports Club failed to pay them for much of the time, including overtime, that they worked for the benefit of New York Sports Club but were not actually training customers. The assistant fitness managers claim that New York Sports Club wrongly classified them as "exempt" employees and unlawfully failed to pay them overtime compensation that they earned. The case seeks recovery of unpaid wages and overtime premium pay for all personal trainers and assistant training managers in New York State.

O&G is currently investigating claims that other Town Sports International, Inc. brands, including Boston Sports Club, Philadelphia Sports Club, and Washington Sports Club have engaged in similar practices and have denied their personal trainers, assistant fitness managers, and other health club employees proper wages and overtime compensation. O&G is also investigating claims that other health and fitness clubs, including Equinox, have failed to pay their personal trainers earned wages, including overtime compensation.

Please contact Piper Hoffman for further information.

☐ Return to Top

### Precision

Settlement Agreement in Junes Santos v. Precision Pharma Services, Inc. and V.I. Technologies, Inc., 05/02446 (Suffolk Cty)

Outten & Golden LLP has reached a preliminary settlement on behalf of a class of technicians and mechanics employed by V.I. Technologies, Inc. between January 26, 1999 and August 14, 2001 ("class period). Class members are entitled to recover unpaid overtime premiums from V. I. Technologies during the class period. Class members should receive notice of the amount of their claim by March 14, 2006. The settlement agreement with V.I. Technologies is available here.

☐ Return to Top

## WARN Act

### Jevic Transportation, Inc.,

Outten & Golden filed suit against Jevic Transportation, Inc., Jevic Holding Corp., Creek Road Properties, LLC and Sun Capital Partners, Inc., seeking to recover 60 days wages and benefits for former employees of Jevic Transportation, Inc., who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). Jevic Transportation, Inc., terminated approximately 1200 employees at its facilities in New Jersey and other locations across the country on or about May 19, 2008, without providing them with advance written notice. The case is now pending in the U.S. Bankruptcy Court for the District of Delaware. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

☐ Return to Top

### Adam Aircraft Industries Inc

Outten & Golden, filed suit against Adam Aircraft Industries Inc., in the Bankruptcy Court for the District of Colorado to secure the rights of former Adam Aircraft employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act). Adam Aircraft terminated approximately 800 employees at its facilities in Colorado on or about February 11, 2008 without providing them with

advance written notice. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. Adam Aircraft terminated employees on February 11, 2008, without providing them with advance written notice. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

☐ Return to Top

**Southern Star Mortgage**
Outten & Golden, filed suit in the Bankruptcy Court for the Eastern District of New York to secure the rights of former Southern Star Mortgage Corp. employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act). Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. Southern Star Mortgage terminated employees on December 7, 2007, without providing them with advance written notice. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.masslayoff.com.

**Other Attorneys Working on this Case**

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

**Protected Vehicles**
Outten & Golden filed suit against Protected Vehicles Inc., a/k/a PVI, seeking to recover 60 days wages and benefits for former employees of Protected Vehicles who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). Protected Vehicles terminated approximately 700 employees at its facilities in North Charleston, SC, on or about December 3, 2007, without providing them with advance written notice. The case is now pending in the Bankruptcy Court for the District of South Carolina. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

☐ Return to Top

**First NLC**
Outten & Golden filed suit against First NLC Financial Services, LLC. (First NLC) and Friedman, Billings, Ramsey Group, Inc. seeking to recover 60 days wages and benefits for former employees of First NLC who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). First NLC terminated approximately 200 employees at its facilities in Anaheim, California and Boca Raton, Florida on or about November 30, 2007, and January 11, 2008, without providing them with advance written notice. The case is now pending in the Bankruptcy Court, Southern District of Florida. Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

☐ Return to Top

**Quaker Fabric Corporation**
Outten & Golden has filed suit in Delaware bankruptcy court to secure the rights of Quaker Fabric employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act).  Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits.  The company shut down its Fall River, Massachusetts' operations on July 2, 2007 terminating its more than 900 employees without providing any advance written notice.  To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.warnlawyers.com.

☐ Return to Top

### Homebanc

Outten & Golden, filed suit in Delaware bankruptcy court to secure the rights of Homebanc employees in connection with the Workers Adjustment and Retraining Notification Act (the WARN Act). Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. HomeBanc terminated its more than 1,000 employees on August 10, 2007 without providing them with advance written notice.

On December 17, 2007, the Court certified the case as a class action. Our co-counsel, Nichols Kaster & Anderson, PLLP, will mail notice of the lawsuit to each affected employee in January 2008.] To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.masslayoff.com.

### Other Attorneys Working on this Case

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

### American Home Mortgage (WARN Act)

Outten & Golden and other co-counsel have filed suit against American Home Mortgage on behalf of employees who were terminated on August 3, 2007 without any advanced written notice. If you worked at an AHM site with 50 or more employees and were terminated on August 3, 2007, you may be entitled to 60 days wages and benefits. If you believe that AHM has violated your WARN rights, you can contact our firm immediately at 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.masslayoff.com

### Other Attorneys Working on this Case

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

### First Magnus

Outten & Golden, filed suit against First Magnus in Arizona bankruptcy court seeking to recover 60 days wages and benefits on behalf of former employees of First Magnus who were terminated on August 16, 2007 without advance written notice, as required by the Workers Adjustment and Retraining Notification Act (the WARN Act). Generally, the WARN Act requires companies to provide their employees with 60 days written notice in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.masslayoff.com.

### Other Attorneys Working on this Case

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

### Delta Corporation/Fidelity Mortgage

Outten & Golden, filed suit against Delta/Fidelity seeking to recover 60 days wages and benefits on behalf of former employees who were terminated in violation of the Workers Adjustment and Retraining Notification Act (the WARN Act). The case is titled "Bressmer, et al. v. Delta Financial Corporation, et al." and is pending in Delaware bankruptcy court. Bressmer and approximately 700 other similarly situated employees worked at Delta/Fidelity's corporate headquarters in Woodbury, New York until terminated without advance written notice on August 22, 2007 and November 8, 2007. The WARN Act requires companies to provide their employees with written notice 60 days in advance of a mass layoff or plant closing. In the absence of such notice, employers may be liable to each affected employee for 60 days wages and benefits. To contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com or go to www.masslayoff.com.

**Other Attorneys Working on this Case**

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

**Alliance Bancorp**

Outten & Golden, filed suit in Delaware bankruptcy court to secure the rights of
Alliance Bancorp and Alliance Bancorp, Inc. employees in connection with the Workers
Adjustment and Retraining Notification Act (the WARN Act). Generally, the WARN Act
requires companies to provide their employees with 60 days written notice in advance
of a mass layoff or plant closing. In the absence of such notice, employers may be
liable to each affected employee for 60 days wages and benefits. Alliance terminated
employees on July 13, 2007, without providing them with advance written notice. To
contact us regarding this matter, please call 1-877 4-OUTTEN and ask for René
Roupinian or email her at rroupinian@outtengolden.com or go to
www.masslayoff.com.

**Other Attorneys Working on this Case**

Outten & Golden LLP is handling this case in cooperation
with the Minnesota law firm of Nichols Kaster & Anderson, PLLP

☐ Return to Top

**Kitty Hawk**

Outten & Golden filed suit against Kitty Hawk, Inc. seeking to recover 60 days wages
and benefits for former employees of Kitty Hawk, Inc. who were terminated in
violation of the Workers Adjustment and Retraining Notification Act (the WARN Act).
The case is now pending in the Northern District of Texas bankruptcy court. Generally,
the WARN Act requires companies to provide their employees with 60 days written
notice in advance of a mass layoff or plant closing. In the absence of such notice,
employers may be liable to each affected employee for 60 days wages and benefits.
Kitty Hawk terminated more than 700 employees at their facilities in Fort Wayne,
Indiana and Dallas, Texas on or about October 29, 2007, without providing them with
advance written notice. To contact us regarding this matter, please call 1-877
4-OUTTEN and ask for René Roupinian or email her at rroupinian@outtengolden.com
or go to www.warnlawyers.com.

For links to other legal resources, click on www.outtengolden.com/resources/links

☐ Return to Top

# LIEFF CABRASER
# HEIMANN & BERNSTEIN, LLP

*for the pla*
*si*

| OUR FIRM | ATTORNEYS | SUCCESSES | CONTACT US | SEARCH |



- HOME
- OFFICES
- CURRENT CASES
- PRACTICE AREAS
- MEDIA CENTER
- ARTICLES
- NEWS
- ABOUT CLASS ACTIONS
- CLASS NOTICES
- NEWSLETTER
- PUBLIC INTEREST CASES
- RECENT TRIALS
- LEGAL LINKS
- EMPLOYMENT
- ATTORNEY ADVERTISING DISCLAIMER
- PRIVACY
- SITE MAP

## NEWSLETTER

For updates on lawsuits of widespread public interest and settlements in class actions, please click here to sign up for our Consumer Law

## Waldbaum's, A&P and Food Emporium Overtime Pay Lawsuit

On June 24, 2004, Lieff Cabraser Heimann & Bernstein, LLP, with co-counsel, filed a class action lawsuit against The Great Atlantic & Pacific Tea Company, Inc., which operates A&P, The Food Emporium and Waldbaum's supermarkets. The plaintiffs, former employees of the stores, charge that the chains fail to pay employees overtime wages and delete hours actually worked from time records in violation of New York labor law.

The complaint seeks certification of a class of current and former full-time hourly employees of The Great Atlantic & Pacific Tea Company, Inc. (including A&P, Food Emporium, and Waldbaum's stores), in New York for past six years. The Great Atlantic & Pacific Tea Company, Inc., operates approximately 140 supermarkets in the state of New York.

Plaintiffs' motion for class certification has been fully briefed and argued and, as of January 2007, the parties are waiting for the Court's decision.

Previously, Lieff Cabraser represented approximately 900 current and former employees of A&P supermarkets in the greater New York City metropolitan area in a collective action lawsuit in federal court brought under the federal Fair Labor Standards Act. The plaintiffs there likewise sought unpaid overtime compensation resulting from A&P's alleged failure to compensate them for work performed "off-the-clock." In May 2004, the federal court approved a settlement providing $3.11 million to the plaintiffs.

The current suit is brought on behalf of many thousands of current and former Waldbaum's, A&P and The Food Emporium employees throughout New York state.

### Case Status

On July 3, 2007, New York State Supreme Court Judge Herman Cahn entered an Order granting class certification to plaintiffs' claims that A&P systematically denied overtime pay to their hourly employees. This Order means that the case will continue on behalf of thousands of cashiers, clerks, bakers, deli, and other hourly-paid workers in New York State who are challenging A&P's alleged failure to pay overtime since 1998.

"We are pleased that the Court recognized that the workers' claims against A&P for willfully forcing employees to work 'off-the-clock' to reduce payroll expenditures are suitable for review on a class-wide basis," said Rachel Geman, a partner at Lieff, Cabraser, Heimann & Bernstein.

### Contact Lieff Cabraser

Current and former hourly employees of A&P, The Food



## EMPL



Read h hold er liable fc discrim other u workpla practic

## INJUR



We rep injured across

Recen

Medtrc
Lead F

Yamah
Rollove
Accide

AMO C
Lens E

Peter F
Peanu
Recall

Newsletter.

Emporium and Waldbaum's who wish to report their work experiences and learn more about this lawsuit, please click here to contact a Lieff Cabraser attorney.

**About Lieff Cabraser**

Lieff Cabraser Heimann & Bernstein, LLP is a 50-plus attorney law firm with offices in San Francisco, New York and Nashville. Since 1972, Lieff Cabraser has successfully represented plaintiffs in a wide range of class action cases, including employment discrimination, wage and hour and pension benefits litigation. To learn more about Lieff Cabraser, click here.

**CONSUMER RESOURCES**

For a comprehensive list of Consumer Law links, click here.

E-

  

## LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

E-Mail: mail@lchb.com
Firm Website: www.lieffcabraser.com

Home | Attorneys | Successes | Offices | Our Firm | Contact Us
Media Center | Current Cases | Practice Areas | Newsletter
Verdicts | Class Actions | Privacy Policy | Site Map

Attorney Advertising Disclaimer

Information Network: Guidant, Ortho Evra, Ford Vehicle Switch Fires
Butter Flavoring Lung Injuries, Car Accidents,
Aviation Law, Personal Injuries, 15-Passenger
Van Accidents, SUV Rollover Crashes, Lieff Global

Notice: Lieff Cabraser attorneys provide legal advice and practice law for clients in federal district courts throughout the United States and in state courts where we are licensed to practice. In states in which our lawyers are not licensed to practice, we have affiliations with local attorneys who serve as co-counsel with our firm. Please read our disclaimer.

Copyright © 2007 Lieff Cabraser Heimann & Bernstein, LLP

# LIEFF CABRASER
# HEIMANN & BERNSTEIN, LLP

*for the pl*
*sir*

| OUR FIRM | ATTORNEYS | SUCCESSES | CONTACT US | SEARCH |



- HOME
- OFFICES
- CURRENT CASES
- PRACTICE AREAS
- MEDIA CENTER
- ARTICLES
- NEWS
- ABOUT CLASS ACTIONS
- CLASS NOTICES
- NEWSLETTER
- PUBLIC INTEREST CASES
- RECENT TRIALS
- LEGAL LINKS
- EMPLOYMENT
- ATTORNEY ADVERTISING DISCLAIMER
- PRIVACY
- SITE MAP

## Cadence Design Systems Overtime Pay Class Action Lawsuit

### Engineers & Tech Workers File Lawsuit against Cadence

On May 30, 2007, employees of Cadence Design Systems, Inc. filed a nationwide class action lawsuit in U.S. District Court in San Francisco charging the nationwide San Jose-based computer services company with failure to pay overtime wages in violation of federal and state labor laws.

The suit, *Higazi v. Cadence*, was filed by attorneys from Lieff Cabraser Heimann & Bernstein, LLP and Altshuler Berzon LLP on behalf of current and former Cadence Systems Engineers, who were wrongly classified by the company as exempt from the overtime provisions of wage and hour laws.

The proposed class includes hundreds of systems administrators, network technicians, helpdesk support workers, and other technical staff who are based in Cadence's offices in San Jose, San Diego, Irvine, Berkeley, and Napa, as well as Massachusetts, Texas, and Utah.

### Plaintiff's Factual Allegations

The complaint charges that Cadence unlawfully characterizes its employees who install, maintain, and support computer software and hardware as exempt from certain federal and California labor law compensation requirements, despite the fact that they are not exempt, in order to deprive them of overtime pay.

Plaintiff Ahmed Higazi, a resident of Pleasanton, California, was a technical support worker for Cadence in its San Jose headquarters for five years. He was responsible for installing, maintaining, and supporting computer software and hardware for the company. The complaint alleges that Higazi and the Class members worked overtime hours, as defined by the applicable federal and California laws, and are and have been entitled to overtime compensation.

"I was often required to work in excess of 40 hours a week – but I did not receive overtime pay. What they did to me and other tech support workers was simply unfair. I worked hard for the company, and was not compensated for all the hours I put in for Cadence," said Higazi, who left Cadence in 2004 and currently works at another technology service company.

"Hundreds of Cadence technical support workers put in long hours to support the company's computer systems and help Cadence bring in $1.5 billion in revenues," stated Lieff Cabraser partner Kelly M. Dermody. "These employees deserve to be paid for their efforts to make Cadence successful."

Dermody explained, "Workers are entitled to overtime pay unless they fall under a specific legal exemption, such as computer programmers who develop software. The plaintiff and class members in




**EMPL**

Read h
hold en
liable fc
discrim
other u
workpla
practice

**INJUR**



We rep
injured
across

Recen

Medtrc
Lead F

Yamah
Rollove
Accide

AMO C
Lens E

E-n



this lawsuit are responsible for maintaining computer networks, not developing new software. They do not qualify for the software development exemption, or any other exemption, under wage and hour laws."

### Relief Sought

The lawsuit is asking the federal court to issue an injunction requiring Cadence to provide overtime pay to eligible employees as well as compensation and damages to all current and former employees who were denied overtime both in California and elsewhere.

### Contact Lieff Cabraser

Current and former employees of Cadence Design Systems, including managers and assistant managers, who wish to discuss in confidence their work experiences and legal rights are welcome to contact an attorney at Lieff Cabraser by clicking here. There is no charge or obligation for our review of your claim.

### About Lieff Cabraser

Lieff Cabraser Heimann & Bernstein, LLP is a fifty-plus attorney law firm that has represented plaintiffs nationwide since 1972. We have offices in San Francisco, New York and Nashville. We represent plaintiffs in class and group actions and in individual lawsuits in cases involving substantial losses. For the last four years, the *National Law Journal* has selected Lieff Cabraser as one of the top plaintiffs' law firms in the nation.

### Notice

This website is sponsored by Lieff Cabraser Heimann & Bernstein, LLP, a national plaintiffs' law firm.

  

## LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

E-Mail: mail@lchb.com
Firm Website: www.lieffcabraser.com

Home | Attorneys | Successes | Offices | Our Firm | Contact Us
Media Center | Current Cases | Practice Areas | Newsletter
Verdicts | Class Actions | Privacy Policy | Site Map

Attorney Advertising Disclaimer

Information Network: Guidant, Ortho Evra, Ford Vehicle Switch Fires
Butter Flavoring Lung Injuries, Car Accidents,
Aviation Law, Personal Injuries, 15-Passenger
Van Accidents, SUV Rollover Crashes, Lieff Global

Notice: Lieff Cabraser attorneys provide legal advice and practice law for clients in federal district courts throughout the United States and in state courts where we are licensed to practice. In states in which our lawyers are not licensed to practice, we have affiliations with local attorneys who serve as co-counsel with our firm. Please read our disclaimer.

Copyright © 2007 Lieff Cabraser Heimann & Bernstein, LLP

**NKA** Nichols Kaster & Anderson   Minneapolis • San Francisco
the **Voice** for employees

ESPAÑOL

> ABOUT NKA   > OUR PEOPLE   > PRACTICE AREAS   > NEWS   > CASES   > FAQ   > INVESTIGATIONS   > OTHER RESOURCES   > C

**Active Cases**

**AIMCO**

On April 13, 2007 we filed a Complaint against AIMCO, on behalf of those who performed the job duties of a leasing consultant and/or leasing specialist. These individuals seek overtime compensation under the Fair Labor Standards Act.

The following individuals from Nichols Kaster & Anderson, PLLP are handling this case:

**Staff**
Tyler Samples

**Attorneys**
Michele R. Fisher
Paul J. Lukas
Donald H. Nichols
Tim C. Selander

**Quick Jumps**

How do I get involved?

Do I have to pay anything?

Statute of limitations

How do I prove I worked overtime?

What about retaliation?

Which locations are included?

How can I help with the lawsuit?

Status of case

Change of address and/or telephone

Disclaimer

How

Sexual Ha

Severance

Discrimin

Retaliatio
Claims

Overtime
Claims

Class & C

Other

Cont

**877-**

**Minneapo**
4600 IDS
80 South E
Minneapol

**San Franc**
One Emba
Suite 720
San Franc

Email NKA

 You will need Adobe Reader to view and print some of the files in this section.
**Download a free version of Adobe Reader.**

**How do I get involved?**
To be eligible for this lawsuit:

- You must have performed the job responsibilities of a leasing consultant or leasing specialist for AIMCO at any time within the past three years; and
- You were not paid for all your overtime hours worked.

To get involved in the lawsuit, you must complete a Consent Form and return it to us by **December 21, 2007** for filing with the Court. If you do not return this Consent Form, we cannot include you in the lawsuit.

**Do I have to pay anything?**
You do not have to pay anything to our firm if you join the lawsuit. We are handling this case on a contingency basis. This means we will only be paid if the lawsuit is successful in obtaining relief either through a settlement or a final judgment, and that payment will only come out of that settlement or final judgment.

**Statute of limitations**
There is a statute of limitations in this case that only allows you to recover pay for overtime hours worked within 2 years of signing up for the lawsuit. If we can prove the company willfully violated the law, the statute of limitations may be extended to 3 years.

**Therefore, it is important that you return your Consent Form immediately to avoid losing overtime pay because of the statute of limitations.**

**How do I prove I worked overtime?**
Where the employer does not keep accurate time records, most courts permit the employee to make a good faith estimate of overtime hours. You do not need to have proof of the hours you worked and the court will generally accept a good-faith estimate of your hours.

**What about retaliation?**
If you currently work for AIMCO and you feel you are the victim of retaliation for being in this lawsuit, contact

Overt

 OVER
CA

Are you be
overtime

Ta



Nichols K

us immediately. The law protects you from retaliation for asserting your rights and, if you suffer retaliation, you may be able to assert additional claims against AIMCO.

## Which locations are included?

Individuals who performed the job duties of a leasing consultant or leasing specialist from every AIMCO property nationwide may participate in this lawsuit.

## How can I help with the lawsuit?

If you have information that may assist us with this case, please contact us at the following address:

Nichols Kaster & Anderson, PLLP
Attn: Tyler Samples
4600 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Toll Free Telephone: 877-448-0492
Telephone: 612-256-3291
Facsimile: 612-215-6870
Email: tsamples@nka.com

We are looking for the following information:

- Any information you have about leasing consultants who worked at AIMCO's call center;
- Names of current or former AIMCO leasing consultants and/or leasing specialists. This will help us notify potentially eligible employees of this lawsuit. We are not seeking confidential records regarding other employees, like documents marked "confidential" or documents containing social security numbers;
- Any documents or records relating to your claim that you were entitled to overtime or other wages you did not receive during your employment with AIMCO; and
- Anything that leads you to believe that AIMCO knew about overtime laws.

**You do not need to have any of the above-requested information to be eligible for this lawsuit.**

## Status of case

### Updated 11/28/2007

### AIMCO Overtime Lawsuit

People continue to join this case daily and the deadline to do so is December 21st. Yesterday we had a hearing with the Court. AIMCO is arguing that leasing consultants who worked at its call center should not be included in this case. We are looking for any information you may have about these call center leasing consultants.

### Updated 11/1/2007

### AIMCO Overtime Lawsuit

We just sent Notice of this lawsuit to over 3,000 individuals who performed the job responsibilities of a leasing consultant or leasing specialist for AIMCO. The deadline to sign up to make a claim in this case is December 21, 2007. To view this court-approved Notice, click here.

### Updated 9/20/2007

### Court Certifies Nationwide FLSA Overtime Collective Action Against AIMCO

On September 17, 2007 the Court granted our motion to conditionally certify a nationwide class of leasing consultants and authorized us to send out notice of the lawsuit to those who have not yet signed up. We anticipate sending this notice in October. To date, leasing consultants from approximately seventeen states have signed up for this suit claiming AIMCO did not pay them for some or all of their overtime hours worked.

### Updated 6/25/2007

### AIMCO Update

We will be meeting with the Judge on July 10, 2007, to set a timeline and schedule for this case. At that time we will also present the Judge with a motion requesting that AIMCO provide us with a list of current and former leasing consultants so we can notify them of this action. So far, individuals from at least thirteen states have filed overtime claims in this action.

### Updated 5/11/2007

### NKA Files FLSA Lawsuit Against AIMCO

Earlier this month, Nichols, Kaster & Anderson, PLLP filed a lawsuit against Apartment Investment and Management Company, also known as AIMCO. The lawsuit, filed in the Northern District of Illinois, alleges that Defendant violated the federal Fair Labor Standards Act (FLSA) by not properly compensating individuals employed as leasing consultants for Defendant's apartment complexes. The Complaint alleges that the leasing consultants were routinely forced to work in excess of forty hours per week without receiving compensation for all overtime hours worked. We are now waiting for the Defendant to answer the Complaint. In the meantime, if you have any lists or names of current or former leasing consultants, please send them to us immediately so that we can notify these individuals of this lawsuit. With each day that passes, these individuals may be losing a day of overtime pay. If you have any questions please contact us toll free at 1-877-448-0492.

On April 13, 2007 we filed the Complaint with the federal court in the Northern District of Illinois. AIMCO is required to provide us with an answer to this Complaint within 20 days.

## Change of address and/or telephone
To update your address and telephone number, please contact us at:

Nichols Kaster & Anderson, PLLP
Attn: Tyler Samples
4600 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Toll Free Telephone: 877-448-0492
Telephone: 612-256-3291
Facsimile: 612-215-6870
Email: tsamples@nka.com

### Disclaimer
The materials on this site are provided for informational purposes only and do not constitute legal advice. This information may not be accurate, complete, or current. We make no warranty, express or implied, about the reliability or accuracy of the information on this web site or any other web site to which it is linked. None of the information (including any posted information) at this web site which relates to or incorporates federal income tax information was intended or written for anyone to rely upon for any purpose, including avoiding penalties under the Internal Revenue Code. Only formal, written tax opinions in compliance with Internal Revenue Service standards may form the basis of such reliance. Accordingly, none of the information at this web site can be used to avoid penalties under the Internal Revenue Code.

Viewing this web site is not, alone, intended to create an attorney-client relationship between you and Nichols Kaster & Anderson, PLLP and you should not act or rely on any information in this site without seeking the advice of an attorney.

If you communicate with us by e-mail, please remember that internet e-mail is not secure and you should avoid sending sensitive or confidential internet e-mail messages unless they are adequately encrypted. Sending us an e-mail message will not make you a client of Nichols Kaster & Anderson, PLLP.

In some jurisdictions this site may be considered advertising. This web site is not soliciting clients and does not propose any type of transaction. You should not act or rely on any information at this web site without seeking the advice of an attorney. The hiring of an attorney is an important decision that should not be based solely upon written information about our qualifications and experience.

Nichols Kaster & Anderson, PLLP has tried to comply with all legal and ethical requirements in compiling this web site. We do not want to represent clients based on their review of any portion of this web site that does not comply with legal or ethical requirements. This web site might contain links to other resources on the Internet. Those links are to help you identify and locate other resources on the Internet. The links are not intended to state or imply that Nichols Kaster & Anderson, PLLP sponsors or is affiliated or associated in any way with the information at those other Web sites.

To the extent the State Bar Rules in your jurisdiction require us to designate a principal office and/or single attorney responsible for this site, Nichols Kaster & Anderson, PLLP designates Donald H. Nichols.

© 2006 Nichols Kaster & Anderson, PLLP

ABOUT NKA | OUR PEOPLE | PRACTICE AREAS | NEWS | CASES | FAQ | OTHER RE
CONTACT US | AVAILABLE POSITIONS | PRIVACY POLICY | SITEMAP | OVERTIME C

The information you obtain at this site is not, nor is it intended to be, legal advice. You should consult an attorney for advice regarding your individual to contact us and welcome your calls, letters and electronic mail. Contacting us does not create an attorney-client relationship. Please do not send ar to us until such time as an attorney-client relationship has been established. Read full Disclaimer.

**NKA** **Nichols Kaster & Anderson**   Minneapolis • San Francisco

the **Voice** for employees

ESPAÑOL

> ABOUT NKA  > OUR PEOPLE  > PRACTICE AREAS  > NEWS  > CASES  > FAQ  > INVESTIGATIONS  > OTHER RESOURCES  > C

## Active Cases

**Misra, et al. v. Decision One Mortgage Company, LLC**

On October 12, 2007, we filed our First Amended Complaint. In this complaint, we added Pennsylvania state claims and expanded the scope of the case. While our initial complaint only included claims on behalf of employees with the **Account Manger III** and **Inside Account Executive** job titles, we have included the position title of **Account Manager II** in the amended complaint. We are also investigating whether any other non-exempt (hourly) positions, such as **Account Manager I** and **Funder**, should be included.

The following staff from Nichols Kaster & Anderson, PLLP are handling this case:

**Staff**
Melissa Honkanen
Lucas Kaster

**Attorneys**
Matthew C. Helland
Bryan Schwartz

### Quick Jumps

How do I get involved?

Do I have to pay anything?

Statute of limitations

How do I prove I worked overtime?

What about retaliation?

Which locations are included?

How can I help with the lawsuit?

Status of case

Change of address and/or telephone

Disclaimer

How

Sexual Ha

Severance

Discrimina

Retaliatio
Claims

Overtime
Claims

Class & C

Other

Cont

# 877-

**Minneapo**
4600 IDS
80 South E
Minneapol

**San Franc**
One Emba
Suite 720
San Franc

Email NKA

Over

**Get Adobe Reader**   You will need Adobe Reader to view and print some of the files in this section.
**Download a free version of Adobe Reader.**

## How do I get involved?
To be eligible for this lawsuit:

- You must have worked as a inside account executive, account manager II, or account manager III for any Decision One office at any time within the past three years; and
- You must have worked overtime (you do not need any records of your overtime hours worked).
- If you spent more than 80% of your work week outside of the office, you may not join this lawsuit.

To get involved in the lawsuit, you must complete a Consent Form and return it to us immediately for filing with the Court. If you do not return this Consent Form, we cannot include you in the lawsuit.

## Do I have to pay anything?
You do not have to pay anything to our firm if you join the lawsuit. We are handling this case on a contingency basis. This means we will only be paid if the lawsuit is successful in obtaining relief either through a settlement or a final judgment, and that payment will only come out of that settlement or final judgment.

## Statute of limitations
There is a statute of limitations in this case that only allows you to recover pay for overtime hours worked within 2 years of signing up for the lawsuit. If we can prove the company willfully violated the law, the statute of limitations may be extended to 3 years. The statute of limitations may be longer for certain state law claims.

**Therefore, it is important that you return your Consent Form immediately to avoid losing overtime pay because of the statute of limitations.**

**OVEI**
**CA:**

Are you be
overtime

**Ta**



Nichols K

## How do I prove I worked overtime?

Where the employer does not keep accurate time records, most courts permit the employee to make a good faith estimate of overtime hours. You do not need to have proof of the hours you worked and the court will.

## What about retaliation?

If you currently work for Decision One and you feel you are the victim of retaliation for being in this lawsuit, contact us immediately. Retaliation may be grounds for a lawsuit. If Decision One or its attorneys approach you to answer questions about this lawsuit, please contact us immediately.

## Which locations are included?

Past and present Decision One employees who worked as an inside account executive, account manager II, or account manager III from every Decision One office nationwide may be included in this lawsuit.

## How can I help with the lawsuit?

If you have information that may assist us with this case, please contact us at the following address:

> Nichols Kaster & Anderson, LLP
> Attn: Lucas Kaster
> One Embarcadero Center, Suite 720
> San Francisco, California 94111
> Toll Free Telephone: 877-777-0622
> Telephone: 415-277-7237
> Facsimile: 415-277-7238
> Email: lkaster@nka.com

We are looking for the following information:

- Names of current or former Decision One employees with the job title of Inside Account Executive, Account Manager I, Account Manager II, Account Manager III and/or Funder (Either based on memory or in document form. These will help us notify potentially eligible employees of this lawsuit);
- Any documents or records relating to your employment with Decision One; and
- Anything that leads you to believe that Decision One knew about overtime laws.

**You do not need to have any of the above-requested information to be eligible for this lawsuit.**

## Status of case

In August 2007, we filed a Complaint on behalf of people who worked as an inside account executive or account manager III against Decision One Mortgage Company, LLC. These employees seek overtime compensation under the Federal Fair Labor Standards Act and applicable state wage and hour laws.

**Updated 10/18/2007**

## Decision One Overtime Lawsuit

On October 12, 2007, we filed our First Amended Complaint . In this complaint, we added Pennsylvania state claims and expanded the scope of the case. While our initial complaint only included claims on behalf of employees with the Account Manger III and Inside Account Executive job titles, we have included the position title of Account Manager II in the amended complaint. We are also investigating whether any other non-exempt (hourly) positions, such as Account Manager I and Funder, should be included. If you or anyone you know worked in these positions and would like more information about the case, please contact Lucas Kaster at 877-777-0622 or lkaster@nka.com. If you were not paid for overtime you worked as an Inside Account Executive, Account Manager I, Account Manger II, Account Manager III, Funder, or other non-exempt (hourly) position at Decision One, you may submit a Consent Form to join this case.

## Change of address and/or telephone

To update your address and telephone number, please contact us at:

> Nichols Kaster & Anderson, LLP
> Attn: Lucas Kaster
> One Embarcadero Center, Suite 720
> San Francisco, California 94111
> Toll Free Telephone: 877-777-0622
> Telephone: 415-277-7237
> Facsimile: 415-277-7238
> Email: lkaster@nka.com

## Disclaimer

The materials on this site are provided for informational purposes only and do not constitute legal advice. This information may not be accurate, complete, or current. We make no warranty, express or implied, about the reliability or accuracy of the information on this web site or any other web site to which it is linked. None of the

information (including any posted information) at this web site which relates to or incorporates federal income tax information was intended or written for anyone to rely upon for any purpose, including avoiding penalties under the Internal Revenue Code. Only formal, written tax opinions in compliance with Internal Revenue Service standards may form the basis of such reliance. Accordingly, none of the information at this web site can be used to avoid penalties under the Internal Revenue Code.

Viewing this web site is not, alone, intended to create an attorney-client relationship between you and Nichols Kaster & Anderson, PLLP and you should not act or rely on any information in this site without seeking the advice of an attorney.

If you communicate with us by e-mail, please remember that internet e-mail is not secure and you should avoid sending sensitive or confidential internet e-mail messages unless they are adequately encrypted. Sending us an e-mail message will not make you a client of Nichols Kaster & Anderson, PLLP.

In some jurisdictions this site may be considered advertising. This web site is not soliciting clients and does not propose any type of transaction. You should not act or rely on any information at this web site without seeking the advice of an attorney. The hiring of an attorney is an important decision that should not be based solely upon written information about our qualifications and experience.

Nichols Kaster & Anderson, PLLP has tried to comply with all legal and ethical requirements in compiling this web site. We do not want to represent clients based on their review of any portion of this web site that does not comply with legal or ethical requirements. This web site might contain links to other resources on the Internet. Those links are to help you identify and locate other resources on the Internet. The links are not intended to state or imply that Nichols Kaster & Anderson, PLLP sponsors or is affiliated or associated in any way with the information at those other Web sites.

To the extent the State Bar Rules in your jurisdiction require us to designate a principal office and/or single attorney responsible for this site, Nichols Kaster & Anderson, PLLP designates Donald H. Nichols.

© 2006 Nichols Kaster & Anderson, PLLP

ABOUT NKA | OUR PEOPLE | PRACTICE AREAS | NEWS | CASES | FAQ | OTHER RE
CONTACT US | AVAILABLE POSITIONS | PRIVACY POLICY | SITEMAP | OVERTIME C

The information you obtain at this site is not, nor is it intended to be, legal advice. You should consult an attorney for advice regarding your individual to contact us and welcome your calls, letters and electronic mail. Contacting us does not create an attorney-client relationship. Please do not send an to us until such time as an attorney-client relationship has been established. Read full Disclaimer.



# GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

A AND

## Starbucks Corporation

**Who We Are**

**What We Do**

All Cases

Civil Rights

Employment
Discrimination

Wage & Hour
& Employee Benefits

Environmental

Disability Rights

Other Services

**Class Notices**

**Press/Media**

**Resources**

**Announcements**

**Disclaimer**

**Contact Us**

On October 8, 2004, former Starbucks Barista, Jou Chou ("Plaintiff") filed th against Starbucks Corporation ("Starbucks"), in the Superior Court of Califor of San Diego. Plaintiff claims that Starbucks violated the California Labor Cc and the California Unfair Competition Law (Bus. & Prof. Code § 17200 et sec permitting Shift Supervisors to receive a portion of the tips left by the custo tip receptacles.

On April 19, 2006, the Court granted Plaintiff's Motion For Class Certification appointed Plaintiff as Class Representative for the certified Class. The certif includes all current and former Starbucks Baristas employed by Starbucks in at any time from October 8, 2000 through the date of trial. People who fall definition are a members of the Class even if they also have worked as a Sh Supervisor.

Notice of Pending Class action was mailed to approximately 150,000 class m March 2, 2007. Class members who wish to remain a part of the class do no anything at this time. Class Members who wish to exclude themselves ("opt the case must do so by April 13, 2007. Please read the Notice to learn more case and procedures for opting out.

You may also contact Class Counsel at 1-800-245-6958 with questions abou case. The law firms serving as lead class counsel are Goldstein, Demchak, E Borgen & Dardarian and Rudy, Exelrod and Zieff. Bohm, Matsen, Kegel & A the Law Offices of Terry Chapko are also class counsel on the case.

---

| Home | Who We Are | What We Do | Class Notices |
| Press/Media | Resources | Announcements | Disclaimer | Contact Us |

(c) 2004 Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive - Suite 1000 Oakland, California 94612
Telephone: (510) 763-9800  E-mail: info@gdblegal.com
Website developed by Oren Bergman





# GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

## E-Loan, Inc.

**Mousai, et al. v. E-Loan, Inc., et al.** is a putative class and collective action f Northern District of California, claiming that, since at least December 23, 20 has violated the federal Fair Labor Standards Act, the California Labor Code, Wage Orders of the California Industrial Welfare Commission, and the Califo Competition Law by misclassifying its "loan consultants" and "exempt" empl failing to ay them overtime wages, failing to provide them with required off-periods, failing to pay them overtime wages owed to them at the time of the separation from employment, and failing to provide accurate itemized wage

On May 30, 2007, the court approved a class action settlement of up to $13 behalf of approximately 500 E-Loan mortgage loan consultants employed in any time between December 23, 2001 and June 30, 2006.  (Click here to vi approval order.)  Goldstein, Demchak, Baller, Borgen & Dardarian was appo Class Counsel.  Settlement checks will be mailed in mid-June 2007 to class who submitted valid claims.  Please contact the claims administrator, Rosen Company at 800/207-0343, if you have any address change.

For more information, contact Goldstein Demchak at phone number (510) 7 email to info@gdblegal.com.

**Who We Are**

**What We Do**

All Cases
Civil Rights
Employment
Discrimination
Wage & Hour
& Employee Benefits
Environmental
Disability Rights
Other Services

**Class Notices**

**Press/Media**

**Resources**

**Announcements**

**Disclaimer**

**Contact Us**



---

(c) 2004 Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive - Suite 1000 Oakland, California 94612
Telephone: (510) 763-9800   E-mail: info@gdblegal.com
Website developed by Oren Bergman

---