TIM DALTON DUNN, Utah Bar # 0936
GERRY B. HOLMAN, Utah Bar #6891
DUNN & DUNN, P.C.
Email: gholman@dunndunn.com
505 East 200 South
2nd Floor
Salt Lake City, UT 84102
Tel.: (801) 521-6677
Fax: (801) 521-9998

MARY DOLLARHIDE
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Email: marydollarhide@paulhastings.com
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Tel.: (858) 458-3000
Fax: (858) 458-3005

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAULA SELF, LINDA DUNCAN, SHERI KIDDY, LESLIE DEMULL, and TIMOTHY VAN HOOSE Individually and on Behalf of Other Similarly Situated,<br><br>     Plaintiffs<br><br>     v.<br><br>TPUSA, INC. and TELEPERFORMANCE GROUP, INC., Corporations,<br><br>     Defendants. | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SECOND CEASE AND DESIST ORDER<br><br>Case No. 2:08-cv-00395 PMW<br><br>HON. MAGISTRATE JUDGE PAUL M. WARNER |

I.  INTRODUCTION

Despite this Court's prior admonition to cease and desist from engaging in misleading communications with potential opt-ins, Plaintiffs' counsel continue to do so, as evidenced by the flyer distributed by Plaintiffs' counsel at TPUSA, Inc.'s facility in Brownsville, Texas.  This flyer contains numerous misleading and inaccurate statements and instructs employees to visit the tpclassaction.com website and to contact Plaintiffs' counsel, Jesse Brar, at his Salt Lake City office.  Although Defendants respect Plaintiffs' right to communicate with individuals who may want to join this lawsuit, Plaintiffs must be stopped from distributing materials containing false and misleading statements.  Such speech is not protected and it is the Court's duty to regulate and enjoin such communications.

II.  FACTUAL BACKGROUND

1.  On August 26, 2008, Defendants filed their Motion for Emergency Cease and Desist Order.  After oral argument, this Court entered its Order granting Defendants' Motion.  In its Order, this Court ordered the Plaintiffs to modify their website to remove "misleading statements," including "conclusory language," and that statements made on the website must be "factually accurate and reflect that the Plaintiffs' allegations are just that: allegations."

2.  On November 24, 2008, TPUSA employee Mckenzi Moyes discovered that a flyer regarding this lawsuit was being distributed in the parking lot of the TPUSA, Inc. facility in Brownsville, Texas.  See Declaration of Mckenzi Moyes ("Moyes Decl.") at ¶ 4.

III.   ARGUMENT

    A.   Courts May Limit Communications with Potential Plaintiffs Where, as Here, the Communication is Misleading

As explained in this Court's September 19, 2008 Order, "it is within the court's discretion to prohibit [counsel for the plaintiffs] from issuing pre-certification statements that are factually inaccurate, unbalanced, or misleading." Order, p. 5.   In so ruling, this Court acted consistently with the numerous other courts who have addressed this very issue. *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1089 (S.D. Iowa 2007) (holding that "one-sided, misleading communications with putative opt-in collective members . . . could easily have the effect of tainting the entire putative class and jeopardizing this entire litigation.").   As this Court emphasized, "[c]ourts have consistently held that litigants (and their counsel) may not make pre-certification statements to putative class members that are inaccurate or misleading or that present one-sided assertions as undisputed or unqualifiedly true." *Bouder v. Prudential Fin., Inc.*, No. 06-CV-4359, 2007 WL 3396303, at *3 (D. N.J. Nov. 8, 2007) (unpublished). Accordingly, it is within this Court's discretion to, again, prohibit Plaintiffs from communicating with potential opt-ins using statements that are misleading and inaccurate.

    B.   Recent Flyer Disseminated in Brownsville, Texas Is Misleading

The flyer, recently distributed at TPUSA, Inc.'s Brownsville, Texas facility, is precisely the type of misleading communication that the courts have repeatedly prohibited. *See Vogt v. Texas Instruments, Inc.*, No. 3:05-CV-2244-L, 2006 WL 4660133 (N.D. Tex. Aug. 8, 2006) (unpublished) (granting preliminary injunction prohibiting plaintiffs from further distribution of misleading flyer circulated by named plaintiff to a current employee).

2

First, the flyer urges former and current employees to "*JOIN*" what it describes as the "**TELEPERFORMANCE LAWSUIT** *UNPAID WAGES*." (emphasis in original), *See* Moyes Decl., Ex. A. This proclamation regarding "unpaid wages" implies that there has been some finding that Teleperformance failed to pay employees for wages due. As the Plaintiffs well know, no such determination has been made. Accordingly, this statement, provided with no further information and no context, is inaccurate and misleading.

Second, the flyer states, "FORMER AND CURRENT EMPLOYEES TAKE ACTION AGAINST TPUSA." *See* Moyes Decl., Ex. A. Because the flyer fails to mention any time restriction or reference the relevant statute of limitations, it is overbroad and misleading. *See Alaniz v. Sam Kane Beef Processors, Inc.*, No. CC-07-335, 2007 WL 4290659, at * 1 (S.D. Texas Dec. 4, 2007) (unpublished) (issuing temporary restraining order against issuance of flyers to potential opt-ins because "plaintiffs' announcements contain no time restriction . . . [t]hey create the misimpression that any current or former employee of defendant is eligible to participate in the litigation.")

Third, the flyer states "IF YOU FEEL TELEPERFORMANCE, USA *OWES YOU* CHANCES ARE THEY DO:  REFERENCE PAY   OVERTIME PAY   DIFFERENTIAL." (emphasis in original), *See* Moyes Decl., Ex. A. This language implies that there has been a finding of liability, which there has not. Moreover, the mention of both "reference" pay and "differential" pay is misleading as no allegations regarding either "reference" or "differential" pay have been made in the pending litigation.

3

Fourth, the flyer states "DON'T BE AFRAID, TELEPERFORMANCE CANNOT RETALIATE AGAINST YOU IN ANY WAY!" *See* Moyes Decl., Ex. A. This statement might lead employees to believe that Teleperformance, Inc. either has retaliated against employees or that employees have reason to fear that they will be retaliated against. *See Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1345 (N.D. Ga. 2007) (striking statement in Plaintiffs' communication to potential opt-ins regarding potential retaliation, finding it to "inappropriately suggest[s] that [defendant employer]] is likely to retaliate against employees who join the lawsuit."). Here, there is no evidence that any employees have been retaliated against or that any employees have reason to fear retaliation. This statement, therefore, is prejudicial and misleading.

IV.  CONCLUSION

As a whole, the flyer distributed by Plaintiffs does little to inform potential opt-ins of their rights or the nature of the present lawsuit. Rather, it is inaccurate, misleading, and prejudicial. As such, and for the reasons explained herein, Defendants respectfully request that

this Court immediately order Plaintiffs to cease and desist distribution of the flyer found at TPUSA, Inc.'s Brownsville facility, as well as to cease and desist dissemination of similarly misleading and prejudicial communications to potential opt-ins nationwide.

DATED this 25th day of November, 2008.

Respectfully submitted,

*/s/ Gerry B. Holman*

DUNN & DUNN, P.C.
TIM DALTON DUNN
GERRY B. HOLMAN

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARY C. DOLLARHIDE
LESLIE L. ABBOTT

Attorneys for TPUSA, INC., and TELEPERFORMANCE GROUP, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2008, a true and correct copy of the foregoing was served by the method indicated below, to the following:

Jesse S. Brar, Esq.  
Sharon Preston, Esq.  
670 East 3900 South, Ste. 101  
Salt Lake City, Utah 84107  
Tel: (801) 269-9541  
Fax: (801) 269-9581  
Email: jbrar@xmission.com

*Attorney for Plaintiffs*

( ) U.S. Mail, Postage Prepaid  
( ) Hand Delivered  
( ) Overnight Mail  
( ) Facsimile  
( ) email jbrar@xmission.com  
(X) Clerk of Court using CM/ECF system

DUNN & DUNN, P.C.

_____  
TIM DALTON DUNN  
GERRY B. HOLMAN  
Attorneys for Defendants

6

LEGAL_US_W # 60504183.1