TIM DALTON DUNN, Utah Bar # 0936
GERRY B. HOLMAN, Utah Bar #6891
DUNN & DUNN, P.C.
Email: gholman@dunndunn.com
505 East 200 South
2nd Floor
Salt Lake City, UT 84102
Tel.: (801) 521-6677
Fax: (801) 521-9998

MARY DOLLARHIDE
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Email: marydollarhide@paulhastings.com
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Tel.: (858) 458-3000
Fax: (858) 458-3005

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAULA SELF, LINDA DUNCAN, SHERI KIDDY, LESLIE DEMULL, and TIMOTHY VAN HOOSE Individually and on Behalf of Other Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>TPUSA, INC. and TELEPERFORMANCE GROUP, INC., Corporations,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:08-cv-00395 PMW<br><br>HON. MAGISTRATE JUDGE PAUL M. WARNER |

## LEGAL STANDARD

The following factors determine whether a motion for a TRO should be granted: (1) whether a substantial likelihood exists that the movant will prevail on the merits; (2) whether the movant will suffer irreparable injury unless the injunction issues; (3) whether the threatened injury to the movant outweighs any damage to the opposing party; and (4) whether the injunction, if issued, would be adverse to the public interest. *See ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

## ARGUMENT

On September 12, 2008, in the context of reviewing Plaintiff's website and solicitation of plaintiffs, this Court stated:

> I think in fairness to the defendants, until such time as we are, you know, further along in this lawsuit than we are, that we have to be careful that we don't allow them to be convicted so to speak, to borrow a term from my criminal law experience, be convicted before they have had a trial. You know the damage can be done to them and to their economic interests before they have had an opportunity to really deal with this. . . . . 25:18-26:1. I'm not going to allow you to "defame them." 26:14-15. (Copy of Hearing Transcript is attached hereto as Exhibit "1").

The Court went on to say:

> I will allow you to legitimately solicit plaintiffs who have a right to be in this lawsuit, but I will not allow you to "defame" [Teleperformance USA] by misrepresentations or language which is recklessly used that somehow, or even negligently used, that somehow causes undue damage to the defendants in the process. 26:24-27:5. The problem is when -- when the language becomes conclusionary and so that the lay person looks at it and believes that it is in essence a fete accompli [sic]. That the company or companies have committed the violations and now it is just a matter of signing on to pick up your check. 27:23-28:2. . . . . *I'm simply saying it has to be couched in appropriate language, and it*

1

>*has to be clear that it is an allegation as opposed to a proven fact.*
>Tr. 29:17-19 (emphasis added).

On January 15, 2009, while commuting to Teleperformance USA's headquarters in Salt Lake City, Human Resources representative Adam Smyth observed a billboard on Bangerter Highway between 3100 South and Parkway Boulevard, which reads, "Teleperformance Unpaid Wages Lawsuit" and directs the reader to "Attorney Sharon Preston" and www.TPClassAction.com. (*See* Declaration of Adam Smyth attached as Exhibit "2" authenticating photographs appended thereto). No "couching" language or caveats of any sort appear on this billboard which is visible to Teleperformance employees, customers, vendors and the Salt Lake City population at large. The conclusionary nature of this advertisement strongly suggests that, as a factual matter, Teleperformance does not pay its workers and is a law breaker. Plaintiff's counsel knows full well the standards set forth by this Court in connection with the passive medium of a website; the standard is no less strict for an "in your face" sign on a major thoroughfare.

Defendants sent a letter to Plaintiff's counsel on January 15, 2009, requesting the immediate removal of the misleading billboard and notifying counsel of the intent to seek an ex-party TRO. (*See* Letter to Jesse Brar and Sharon Preston attached hereto as Exhibit "3").

Defendants fully appreciate the Plaintiff's right to properly solicit Plaintiffs in this action and to engage in free speech. Defendants also appreciate that such right is not unfettered and that they are not required to sit back and endure misrepresentations and publication of unproven assertions.

Defendants therefore respectfully request that Plaintiff's counsel be ordered to immediately effect the removal of the at-issue sign, and any others that may be in existence

2

anywhere in the United States where they are attempting to solicit opt-in Plaintiffs in this purported nationwide collective action. Additionally, Defendants request that this Court sanction Plaintiffs for their blatant disregard of its directives regarding conclusionary communications to the punitive class members, in an amount to be determined by the Court, keeping in mind the previously discussed issues of government contractors and other Teleperformance customers who have expressed concern over doing business with Teleperformance based on the allegations of unlawful conduct and publicity surrounding the lawsuit.

DATED this 15th day of January, 2009.

Respectfully submitted,

_____
DUNN & DUNN, P.C.
TIM DALTON DUNN
GERRY B. HOLMAN

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARY C. DOLLARHIDE
LESLIE L. ABBOTT

Attorneys for TPUSA, INC., and
TELEPERFORMANCE GROUP, INC.

LEGAL_US_W # 60864071.1

CERTIFICATE OF SERVICE

I hereby certify that on **1/15**, 2009, a true and correct copy of the foregoing was served by the method indicated below, to the following:

Jesse S. Brar, Esq.  
Sharon Preston, Esq.  
670 East 3900 South, Ste. 101  
Salt Lake City, Utah 84107  
Tel: (801) 269-9541  
Fax: (801) 269-9581  
Email: jbrar@xmission.com

*Attorneys for Plaintiffs*

( ) U.S. Mail, Postage Prepaid  
( ) Hand Delivered  
( ) Overnight Mail  
( ) Facsimile  
( ) email jbrar@xmission.com  
(X) Clerk of Court using CM/ECF system

J. Nelson Thomas, Esq.  
Patrick J. Solomon, Esq.  
Michael J. Lingle, Esq.  
Dolin, Thomas and Solomon, LLP  
693 E Avenue  
Rochester, NY 14067  
Tel: (585) 272-0540  
Fax: (585) 272-0574  
Email: nthomas@theemploymentattorneys.com

*Pro Hac Vice*  
*Attorneys for Plaintiffs*

( ) U.S. Mail, Postage Prepaid  
( ) Hand Delivered  
( ) Overnight Mail  
( ) Facsimile  
( ) email nthomas@theemploymentattorneys.com  
(X) Clerk of Court using CM/ECF system

DUNN & DUNN, P.C.

_____  
TIM DALTON DUNN  
GERRY B. HOLMAN  
Attorneys for Defendants

4

# EXHIBIT INDEX

Exhibit 1 – Transcript of Hearing held September 12, 2009 (45 pages)

Exhibit 2 – Declaration of Adam Smyth (4 pages)

Exhibit 3 – Letter from Gerry Holman to Plaintiffs' counsel, January 15, 2009 (2 pages)

Exhibit 4 – Proposed Order (2 pages)