IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAULA SELF, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TPUSA, INC. and<br>TELEPERFORMANCE GROUP, INC.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:08-cv-395-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is TPUSA, Inc. and Teleperformance Group, Inc.'s (collectively, "Defendants") ex parte motion for a temporary restraining order ("TRO").[1] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of Defendants' written submissions. *See* DUCivR 7-1(f).

In an order dated September 19, 2008, this court set forth certain standards with respect to a website that Paula Self, et al.'s (collectively, "Plaintiffs") counsel created for purposes of soliciting plaintiffs for the instant lawsuit.[2] In essence, this court required Plaintiffs counsel to modify any misleading or conclusory statements on the website. Specifically, this court ordered that any information presented on Plaintiffs' counsel's website must be factually accurate and

---

[1] *See* docket no. 109.

[2] *See* docket no. 58.

reflect that Plaintiffs' allegations and contentions in this case are not established, uncontested facts. Thereafter, Plaintiffs' counsel made changes to the website in accordance with this court's direction and filed a motion for the court to approve those changes.[3] In an order dated November 6, 2008, this court granted Plaintiffs' motion and approved the changes to the website.[4]

In the instant motion, Defendants assert that they have discovered a billboard on Bangerter Highway in Salt Lake City that violates the spirit of this court's September 19, 2008 order setting forth the standards for the above-referenced website. Along with their motion, Defendants have submitted photographs of the billboard. The billboard is entitled, "Teleperformance Unpaid Wages Lawsuit." The billboard directs the reader to Plaintiffs' counsel in this case, "Attorney Sharon Preston," and contains Plaintiffs' counsel's street address and telephone number, as well as the address of the above-referenced website. Other than a background photograph, the foregoing comprises all of the information contained on the billboard.

Based on those facts, Defendants request that the court issue a TRO that orders Plaintiffs' counsel to immediately effect removal of the billboard, as well as any other similar signs that may be in existence anywhere in the United States. In addition, Defendants request that this

---

[3] *See* docket no. 62.

[4] *See* docket no. 79.

court impose sanctions on Plaintiffs "for their blatant disregard of [the court's] directives regarding conclusionary communications to the pu[ta]tive class members."[5]

The standards are the same for issuance of either a TRO or a preliminary injunction under rule 65 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 65; *Klein-Becker USA, LLC v. Collagen Corp.*, No. 2:07-cv-873-TS, 2008 U.S. Dist. LEXIS 85478, at *1–2 (D. Utah Oct. 22, 2008).  A party seeking a TRO or a preliminary injunction

> must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the [TRO or] injunction is denied; (3) the threatened injury outweighs the harms that the [TRO or] preliminary injunction may cause the opposing party; and (4) the [TRO or] injunction, if issued, will not adversely affect the public interest.

*Wilderness Workshop v. United States Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008) (quotations and citation omitted).  Because injunctive relief, such as a TRO or preliminary injunction, "is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal."  *Id*. (quotations and citation omitted) (alteration in original).

The court has considered the required four elements against the high burden of proof for issuance of a TRO, *see id*., and concludes that Defendants have failed to demonstrate that the elements are satisfied in this case.

As to the first element, Defendants have failed to present any argument concerning whether they have a substantial likelihood of success on the merits of Plaintiffs' claims. Accordingly, they have failed to carry their heavy burden with respect to that element.  That

---

[5] Docket no. 110 at 4.

notwithstanding, the court notes that this case is still in the early stages of litigation, thereby making it unlikely that Defendants could demonstrate a substantial likelihood of success on all of Plaintiffs' claims by "clear and unequivocal" evidence. *Id*. (quotations and citation omitted).

Turning to the second element, Defendants have failed to establish that they will suffer irreparable harm if their motion is denied. The court has reviewed the photographs of the allegedly offending billboard and concludes that it is not likely to cause Defendants any harm, let alone irreparable harm. The billboard contains Plaintiffs' counsel's name, street address, and phone number, as well as the address to the above-referenced website. None of that information can be considered inappropriate or harmful. Indeed, the court previously allowed Plaintiffs' counsel to retain the address of the website and approved the content of the website. In the court's view, the only portion of the billboard that could be construed as potentially harmful is the title, "Teleperformance Unpaid Wages Lawsuit." The court disagrees with Defendants' argument that the billboard's title "suggests that, as a factual matter, Teleperformance does not pay its workers and is a law breaker."[6] The court concludes that, even to a lay person, the title of the billboard is nothing more than a factual statement. The billboard simply indicates that there is an unpaid wages lawsuit pending and that Plaintiffs' counsel is somehow involved with that lawsuit, all of which is factually accurate. Beyond that, the billboard simply directs the reader either to Plaintiffs' counsel or to the above-referenced website, all of which the court views as entirely appropriate. The court concludes that the billboard falls squarely within "Plaintiff[s']

---

[6] *Id*. at 3.

right to properly solicit [p]laintiffs in this action and to engage in free speech," which Defendants explicitly recognize in the memorandum in support of their motion.[7]

Concerning the third element, the court concludes that the alleged injury to Defendants does not outweigh the harm that the TRO may cause Plaintiffs if it is issued. Defendants failed to present any argument on this point. In addition, the court has already concluded that Defendants are not likely to suffer any harm, let alone irreparable harm, as a result of the billboard. Consequently, it logically follows that if a TRO were issued, the balancing of harms required by the third factor falls in favor of Plaintiffs.

As to the fourth element, Defendants have failed to present any argument concerning whether issuance of a TRO would adversely affect the public interest. Accordingly, they have failed to carry their heavy burden on that element. Even putting that failure aside, the court concludes that issuance of a TRO under these circumstances would adversely affect the public interest. As previously noted, Defendants have recognized "Plaintiff[s'] right to properly solicit [p]laintiffs in this action and to engage in free speech,"[8] and the court has concluded that the billboard in question falls squarely within that right. The court has determined that issuance of a TRO would impinge upon that right, thereby adversely affecting the public interest.

As a final matter, the court finds it noteworthy that Defendants have recognized and correctly stated the four elements that must be satisfied in order to obtain a TRO but have failed

---

[7] *Id*.

[8] *Id*.

to specifically address any of those elements in the memorandum in support of their motion. Instead, Defendants argue only that the billboard violates the spirit of this court's September 19, 2008 order. Even if Defendants had been able to persuade the court that the billboard violates the standards set forth in the September 19, 2008 order, that alone would be an insufficient legal basis for issuance of a TRO.

For all of these reasons, Defendants' ex parte motion for a TRO is **DENIED**.

**IT IS SO ORDERED**.

DATED this 16th day of January, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge