IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAULA SELF, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TPUSA, INC. and TELEPERFORMANCE GROUP, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:08-cv-395-PMW <br><br><br> Magistrate Judge Paul M. Warner |

  Before the court are (1) TPUSA, Inc. and Teleperformance Group, Inc.'s (collectively, "Defendants") motion to dismiss;[1] (2) Paula Self, et al.'s (collectively, "Plaintiffs") motion to certify an issue to the Utah Supreme Court;[2] (3) Plaintiffs' motion for leave to file a third amended complaint;[3] and (4) Plaintiffs' motion for equitable tolling of the applicable statute of limitations.[4] The court held oral argument on all of those motions on January 23, 2009.[5] Sharon L. Preston and Jesse S. Brar appeared on behalf of Plaintiffs. Mary C. Dollarhide, Gerry B. Holman, and John W. May appeared on behalf of Defendants. The court has carefully

---

 [1] *See* docket no. 19.

 [2] *See* docket no. 69.

 [3] *See* docket no. 47.

 [4] *See* docket no. 86.

 [5] *See* docket no. 121.

considered the parties written submissions on all of the above-referenced motions, as well as the arguments presented during the January 23, 2009 hearing. Now being fully advised, the court is prepared to rule on the motions.

## I.  Defendants' Motion to Dismis

When considering a motion to dismiss under rule 12(b)(6), the court "look[s] for plausibility in th[e] complaint." *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Defendants present the following arguments in support of their motion to dismiss: (A) this court lacks jurisdiction to hear state law claims from those states where there is no named plaintiff because of a lack of standing; (B) there is no implied private right of action under the Utah Payment of Wages Act ("UPWA"), *see* Utah Code §§ 34-28-1 to -19, or for alleged recordkeeping violations under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. §§ 201-219; and (C) allowing an "opt-out" class action under rule 23 of the Federal Rules of Civil Procedure to proceed simultaneously with an "opt-in" FLSA collective action is improper

because the two actions are incompatible. At this point in the case, Defendants' final argument applies only to Plaintiffs' claims under the UPWA.[6]

In response to Defendants' first argument, Plaintiffs assert that if they are provided with leave to file their third amended complaint,[7] there will be named plaintiffs for each state in which a violation is alleged, with the exception of Georgia. Plaintiffs further argue that the lack of a named plaintiff from Georgia is irrelevant because this court should address the issue of class certification prior to addressing any issues related to standing. Responding to Defendants' second argument, Plaintiffs contend that there is a private right of action under the UPWA. Plaintiffs also admit that they have removed from their proposed third amended complaint any claims for alleged recordkeeping violations under the FLSA, thereby rendering moot Defendants' argument with respect to those claims. Finally, Plaintiffs argue that it is proper to allow a rule 23 class action to proceed simultaneously with the FLSA collective action.

---

[6] Defendants assert that Plaintiffs' complaints filed to this point have demonstrated that only their UPWA claims are incompatible with the FLSA action. Defendants maintain that until Plaintiffs' final complaint is filed, Defendants will be unable to determine which of the other state-law claims are also incompatible with the FLSA action. Accordingly, Defendants contend that any arguments with respect to the incompatibility of the other state-law claims with the FLSA action would be premature at this point.

[7] The court has chosen to provide Plaintiffs with leave to file their third amended complaint, a ruling that will be addressed later in this memorandum decision and order. Accordingly, the court will consider Plaintiffs' proposed third amended complaint for purposes of analyzing Defendants' motion to dismiss.

**A. Standing**

On the issue of standing, the court agrees generally with Defendants' arguments. Unless and until a class is certified in this case, it seems logical for Plaintiffs to include state-law claims for each state in which they have named a plaintiff, which is what Plaintiffs have done for ten of the states implicated in their proposed third amended complaint. At the same time, unless and until a class is certified, it does not seem logical for Plaintiffs to include state-law claims for any states in which Plaintiffs do not have a named plaintiff, which is what Plaintiffs have done for the claims under Georgia law contained in their proposed third amended complaint. Indeed, as Plaintiffs have admitted, if class certification is denied, then this case will proceed with only named Plaintiffs "based on the laws of the jurisdictions in which their claims are based."[8] If this case were to proceed on that basis, at least under current circumstances, the court would be forced to dismiss Plaintiffs' claims under Georgia law because they admit that there is no named plaintiff from Georgia. Further, it is unclear why Plaintiffs have chosen to include claims under Georgia law, but not under the laws of other states for which there is no named plaintiff.

For these reasons, Defendants' motion to dismiss with respect to Plaintiffs' claims under Georgia law is granted. However, the court will dismiss those claims without prejudice. If Plaintiffs are later able to identify and name plaintiff(s) from Georgia or any other state, they may move the court for leave to include any relevant state-law claims.

---

[8] Docket no. 57 at 10.

### B. Private Right of Action Under UPWA

The parties' written submissions on the instant motion and the other motions before the court have distilled the central question raised by this argument: Does the UPWA provide for an implied private right of action for recovery of unpaid wages?[9] Defendants argue that the UPWA does not provide an implied private right of action, while Plaintiffs argue that it does.

Although Plaintiffs' counsel is technically correct that there is no precedent under Utah law that controls on this issue, there is persuasive precedent from this court. *See Sweat v. Batelle Mem'l Inst.*, No. 2:07-cv-401-TS, 2008 U.S. Dist LEXIS 76458 (D. Utah Oct. 1, 2008). Indeed, as admitted by Plaintiffs' counsel during oral argument, one of the issues decided by District Judge Ted Stewart in his October 1, 2008 memorandum decision and order in *Sweat* is identical to the issue presented here, namely, whether the UPWA provides an implied private right of action. In that decision, Judge Stewart concluded that "there is no implied private right of action in the UPWA" and, accordingly, granted the defendants' rule 12(b)(6) motion to dismiss the plaintiffs' claims under the UPWA. *Id*. at *10.

This court agrees with and hereby adopts the reasoning set forth by Judge Stewart in *Sweat* and likewise concludes that there is not private right of action in the UPWA. *See id*. at **6–10. Accordingly, Defendants' motion to dismiss with respect to Plaintiffs' claims under the UPWA is granted, and those claims are dismissed with prejudice.

---

[9] Because Plaintiffs' motion to certify an issue to the Utah Supreme Court seeks an answer to this precise question, the court has determined that its conclusion on this issue will also decide that motion.

### C. Incompatibility of Rule 23 Class Action and FLSA Collective Action

As previously noted, Defendants assert that, at this point in the case, this argument applies only to Plaintiffs claims under the UPWA.  Because the court has concluded that Plaintiffs' claims under the UPWA should be dismissed on other grounds, the court declines to address this argument.  Accordingly, Defendants' motion to dismiss with respect to the incompatibility of a rule 23 class action and a FLSA collective action is denied without prejudice.  If Defendants later believe that this argument applies to other state-law claims asserted by Plaintiffs, Defendants may renew the argument as to those claims by way of an appropriate motion.

### II. Plaintiffs' Motion to Certify Issue to Utah Supreme Court

Pursuant to rule 41 of the Utah Rules of Appellate Procedure this court has discretion to certify a question of Utah law to the Utah Supreme Court "if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain." Utah R. App. P. 41(a). However, "certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (quotations and citation omitted).  Indeed, the United States Supreme Court has stated that "'it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment.'" *Id*. (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943)).

As previously indicated, Plaintiffs' motion to certify an issue to the Utah Supreme Court seeks an answer to the same question addressed in section I.B. of this memorandum decision and

order. Judge Stewart previously addressed that question in *Sweat* and concluded that the UPWA does not provide an implied private right of action. *See Sweat*, 2008 U.S. Dist LEXIS 76458, at *10. This court has agreed with and adopted the reasoning set forth in *Sweat* and also concluded that the UPWA does not provide an implied private right of action. Because the court has answered the question posed by Plaintiffs' motion to certify, it logically follows that the court does not believe that question requires certification to the Utah Supreme Court. Accordingly, Plaintiffs' motion to certify an issue to the Utah Supreme Court is denied.

As a final matter with respect to this motion, the court finds it noteworthy that Plaintiffs' counsel in this case also represents the plaintiffs in *Sweat*, a case still pending in this court. Two weeks after Judge Stewart's October 1, 2008 decision was rendered in *Sweat*, Plaintiffs' counsel filed the motion to certify in this case but, for whatever reason, failed to mention Judge Stewart's ruling in *Sweat*. It is not lost on the court that Plaintiffs' counsel did not believe it was necessary to request certification of the above-referenced issue until after Judge Stewart ruled against the plaintiffs on the same issue in *Sweat*.

### III.  Plaintiffs' Motion for Leave to File Third Amended Complaint

In this motion, Plaintiffs seek leave of court to file their third amended complaint. Defendants urge the court to deny Plaintiffs' motion, arguing that Plaintiffs have made their complaint a moving target and engaged in serial amendments. *See, e.g.*, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–06 (10th Cir. 2006); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). In the alternative, and assuming the court is willing to provide Plaintiffs

with leave to file their third amended complaint, Defendants argues that the court should exclude the UPWA claims and foreclose Plaintiffs from filing any future amendments to their complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party requests leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that rule 15's mandate that leave to amend be given freely "is to be heeded").

The court recognizes many of Defendants' concerns with Plaintiffs' complaints in this case. To some degree, it appears that the arguments made in Defendants' motions to dismiss have helped Plaintiffs to refine their claims in this case. At the same time, however, it was Defendants' tactical decision to move to dismiss Plaintiffs' claims at such an early stage of the litigation.[10] The docket reveals that neither a scheduling order nor an answer has been filed in this case, and the court has not yet set a deadline for amending pleadings or adding new parties. Defendants surely are aware that a potential consequence of their motions to dismiss was that Plaintiffs would attempt to amend their complaint to cure any deficiencies raised in those motions.

Under the circumstances, and given the liberal standard for providing leave to amend pleadings under rule 15, the court has determined that it is appropriate to provide Plaintiffs with leave to amend their complaint. Accordingly, Plaintiffs' motion for leave to amend is granted, and Plaintiffs shall file their third amended complaint within ten (10) days of the date of this

---

[10] The court notes that while this case is at a relatively early stage in the litigation process, it has been pending for over eight months.

memorandum decision and order.  However, because the court has granted Defendants' motion to dismiss with respect to Plaintiffs' UPWA claims, the third amended complaint to be filed by Plaintiffs shall not contain those claims.  Finally, while the court is unwilling to grant Defendants' request that Plaintiffs be foreclosed from making any future amendments to their complaint, the court notes that it will scrutinize any further attempts by Plaintiffs to obtain leave to amend their complaint.

### IV. Plaintiffs' Motion for Equitable Tolling of Statute of Limitations

In this motion, Plaintiffs seek to have the applicable statute of limitations equitably tolled for the group of Plaintiffs identified in the consent forms Plaintiffs' counsel filed on November 13, 2008 (the "November 13 Consents").[11]  Defendants argue that equitable tolling should not be applied to that group of Plaintiffs.

On September 19, 2008, this court entered an order granting in part and denying in part Defendants' motion for an emergency cease and desist order.[12]  In that order, the court ordered Plaintiffs' counsel to make certain changes to their website and to send a curative notice to all Plaintiffs who had signed and filed consent forms.  Because the court required Plaintiffs' counsel to secure new consent forms from that group of Plaintiffs, the court concluded that the filing date of the previously signed consent forms would apply for purposes of the statute of limitations.

---

[11] *See* docket no. 81.

[12] *See* docket no. 58.

On September 30, 2008, Plaintiffs' counsel filed a motion to approve the changes made to their website and to approve the curative notice.[13] Defendants responded to the motion on October 15, 2008,[14] and Plaintiffs filed their reply on October 23, 2008.[15] Defendants then filed an ex parte motion for leave to file a sur-reply,[16] along with their proposed sur-reply.[17] The court granted that motion several days later.[18] On November 5, 2008, Plaintiffs' counsel filed a request for expedited consideration of their motion.[19] The following day, this court entered an order granting the motion to approve the website and to approve the curative notice.[20]

Plaintiffs later filed the November 13 Consents.[21] Plaintiffs' counsel asserts that those forms were collected and submitted during the period of time when the changes to their website and the content of the curative notice were being litigated but had not yet been approved by the court. Plaintiffs argue that for purposes of the statute of limitations, there is no substantive difference between the group of Plaintiffs referenced in this court's September 19, 2008 order

---

[13] *See* docket no. 62.

[14] *See* docket no. 71.

[15] *See* docket no. 73.

[16] *See* docket no. 74.

[17] *See* docket no. 75.

[18] *See* docket no. 76.

[19] *See* docket no. 78.

[20] *See* docket no. 79.

[21] *See* docket no. 81.

and the group of Plaintiffs identified in the November 13 Consents.  As part of this argument, Plaintiffs' counsel concedes that curative notice will need to be sent to all of the Plaintiffs identified in the November 13 Consents and that the November 13 Consents will have to be replaced with new consent forms.

In response, Defendants argue that Plaintiffs have misrepresented the timing of the November 13 Consents.  More specifically, Defendants assert that not all of the November 13 Consents were signed during the period when the changes to their website and the content of the curative notice were being litigated but had not yet been approved by the court.  According to Defendants, seventeen (17) of the November 13 Consents were signed prior to this court's September 19, 2008 order.

The court agrees with Plaintiffs and has determined that there is no substantive difference between the Plaintiffs referenced in this court's September 19, 2008 order and those identified in the November 13 Consents.  The court notes that Defendants are correct in stating that this court's September 19, 2008 order with regard to the statute of limitations issue was limited in scope and applied only to those Plaintiffs who already had consent forms on file.  However, the court has now determined that it made an oversight in that order by failing to include any Plaintiffs who might submit a consent form in the period between the court's September 19, 2008 order mandating the website changes and curative notice and the court's November 6, 2008 order approving the website changes and curative notice.  Accordingly, Plaintiffs' motion for equitable tolling is granted.

Obviously, and as conceded by Plaintiffs' counsel, because the November 13 Consents were signed prior to this court's approval of the website and curative notice, Plaintiffs' counsel must send curative notice to the Plaintiffs identified in the November 13 Consents and obtain a new consent form from each of those Plaintiffs. For any of those replacement forms that are filed, the court will use the original filing date of November 13, 2008, for purposes of the statute of limitations.

Although the court has provided Plaintiffs' counsel with the benefit of the doubt with respect to the November 13 Consents, the court also recognizes Defendants' concerns about the delay between the signature date and the filing date of many of the November 13 Consents. For example, included in the November 13 Consents are consent forms that were signed and dated in June and July 2008. While the court can appreciate Plaintiffs' counsel's desire to save time by filing consent forms in groups,[22] delays of several months seem unreasonable. While it is unclear whether any delays are attributable to the party who executed the form or to Plaintiffs' counsel, considering that the applicable statute of limitations continues to run for any individual until that individual's consent form is filed (not merely signed), *see* 29 U.S.C. §§ 255–256, it is respectfully suggested that Plaintiffs and their counsel be more diligent in ensuring that consent forms are filed soon after they are signed.

---

[22] It appears that Plaintiffs' counsel may have also represented to Defendants that they were filing consent forms in groups for the convenience of the court. Considering that all of the consent forms in this case have been electronically filed by Plaintiffs' counsel, *see* docket nos. 4, 23, 33, 43, 81, 84, 85, 88, 91, 95, 101, 107, 112, 123, 124, the court sees no basis for that representation, if indeed it was made.

In summary, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss[23] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Defendants' motion to dismiss Plaintiffs' claims under Georgia law is **GRANTED**, but those claims are **DISMISSED WITHOUT PREJUDICE**.

    b. Defendants' motion to dismiss Plaintiffs' claims under the UPWA is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

    c. Defendants' motion to dismiss Plaintiffs' claims under the UPWA based on the incompatibility of a rule 23 class action and a FLSA collective action is **DENIED WITHOUT PREJUDICE**. If Defendants later believe that the same argument applies to any other state-law claims asserted by Plaintiffs, Defendants may renew the argument for those claims by way of an appropriate motion.

2. Plaintiffs' motion to certify an issue to the Utah Supreme Court[24] is **DENIED**.

3. Plaintiffs' motion for leave to file a third amended complaint[25] is **GRANTED**. Plaintiffs shall file their third amended complaint within ten (10) days of the date

---

[23] *See* docket no. 19

[24] *See* docket no. 69.

[25] *See* docket no. 47.

of this memorandum decision and order.  However, because the court has granted Defendants' motion to dismiss with respect to Plaintiffs' UPWA claims, the third amended complaint to be filed by Plaintiffs shall not contain those claims.  While the court is unwilling to grant Defendants' request that Plaintiffs be foreclosed from making any future amendments to their complaint, the court notes that it will scrutinize any further attempts by Plaintiffs to obtain leave to amend their complaint.

4. Plaintiffs' motion for equitable tolling of the applicable statute of limitations[26] is **GRANTED**.  The Plaintiffs identified in the November 13 Consents are provided with equitable tolling.  Plaintiffs' counsel must send curative notice to the Plaintiffs identified in the November 13 Consents and obtain a new consent form from each of those Plaintiffs.  For any of those replacement forms that are filed, the court will use the original filing date of November 13, 2008, for purposes of the statute of limitations.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[26] *See* docket no. 86.