# Exhibit A

## Affirmation of Sharon Preston

| | |
|---|---|
| Jesse S. Brar, Utah Bar # 9469<br>670 East 3900 South, Suite 101<br>Salt Lake City, Utah 84107<br>Telephone:  (801) 269-9541<br>Facsimile:   (801) 269-9581<br>Email:  jbrar@xmission.com<br><br>Sharon Preston, Utah Bar # 7690<br>670 East 3900 South, Suite 101<br>Salt Lake City, Utah 84107<br>Telephone:  (801) 269-9541<br>Facsimile:   (801) 269-9581<br>Email: sharon.preston@yahoo.com | J. Nelson Thomas, *Pro Hac Vice*<br>Patrick J. Solomon, *Pro Hac Vice*<br>Michael J. Lingle, *Pro Hac Vice*<br>Annette Gifford, *Pro Hac Vice*<br>Thomas and Solomon, LLP<br>693 E Avenue, Rochester, NY 14067<br>Telephone: 585-272-0540<br>Facsimile: 585-272-0574<br>Email:nthomas@theemploymentattorneys.com<br>psolomon@theemploymentattorneys.com<br>mlingle@theemploymentattorneys.com<br>agifford@theemploymentattorneys.com |

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Paula Self, Linda Duncan, Sheri Kiddy, Leslie Demull, Timothy Van Hoose, Michael Combs, Isabel Shelton, Ramy Ibrahim, Scott Wright, Wilda Sellers, Damon Hylton, Deyaska Spencer, Larry Clark, Lativia Williams, Kevin Stagner, James Hannah, Louis Tavizon, Anthony Outrich, Joy Golembiewski, Leon Brown, Jeremy Hines, Jennifer Luton, Alma Uresti, Brenda Weatherspoon, and Richard Wooldridge Individually and on Behalf of Others Similarly Situated,<br><br>                                   Plaintiffs,<br>vs.<br><br>TPUSA, Inc. and Teleperformance Group, Inc., Corporations,<br>                                   Defendants. | **AFFIRMATION OF SHARON PRESTON**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: 2:08-CV-395 PMW<br><br>Judge: Hon. Paul M. Warner |

1

<u>Sharon L. Preston</u>, being duly sworn, deposes and says:

1. I am the lead counsel on this case, and Jesse S. Brar from Law Office of Jesse Brar, P.C., along with Nelson Thomas, Patrick Solomon, Michael Lingle, and Annette Gifford from the Law Firm of Thomas and Solomon, LLC (hereinafter collectively "Counsel for Plaintiffs") were co-counsel on this case.

2. Plaintiffs' Counsel are experienced employment litigators and have developed a particular expertise with the FLSA and wage and hour cases.

3. I submit this affirmation in support of the settlement of this action and for an award of fees and costs to Counsel for Plaintiffs.

4. In May 2008, Plaintiffs filed the instant case alleging that TPUSA, Inc. and Teleperformance Group, Inc. (collectively "TPUSA" or "Defendants") failed to pay them and other similarly-situated Customer Service Agents ("CSA"), in TPUSA's call centers nationwide, wages and/or overtime.

5. Plaintiffs' lawsuit asserts alleged violations of the Fair Labor Standards Act ("FLSA"); the minimum wage laws of Florida, Georgia, Idaho, Illinois, Indiana, New Mexico, Ohio, Pennsylvania, Texas and Utah; the statutory wage and hour laws in Florida, Georgia, Idaho, Illinois, Indiana, New Mexico, Ohio, Pennsylvania, South Carolina, Texas and Utah; and the common laws for breach of contract and unjust enrichment in Florida, Georgia, Idaho, Illinois, Indiana, New Mexico, Ohio, Pennsylvania, South Carolina, Texas and Utah.

6. Plaintiffs sought unpaid minimum, straight-time, and overtime wages, penalties and interest. TPUSA denied Plaintiffs' allegations. However, after hard-fought litigation and extensive motion filings, the Parties agreed to mediate the dispute and did so on July 13, 2009.

7. The settlement agreement negotiated between the parties (Settlement Agreement ("Agreement")), Preliminarily Approving Settlement, and Setting Fairness Hearing (Docket Nos. 188 and 194), provides for a total settlement amount of $4,000,000 (Agreement ¶ 28; Settlement Notice, Section II. A) and allows for attorneys' fees and costs not to exceed 35% of the total settlement amount (Agreement ¶ 29; Settlement Notice, Section II. A). The Agreement further provides that defendant will not oppose such a fee and cost application (*Id.*).

8. The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate Class Counsel for time Class Counsel will be required to spend administering the settlement in the future. In our experience, administering class settlements of this nature and size requires a substantial and ongoing commitment. For example, many Class Members have had questions regarding the settlement. In fact, since the Notice was sent out to Class Members, Class Counsel and staff have expended hundreds of hours responding to questions about the case and will continue to do so as the settlement administration continues.

9. Plaintiffs' Counsel's total fees using the loadstar method based on hours worked by counsel and legal staff and market rates are approximately $1,466,066. Thus, the fees requested are less than the amount based on loadstar method.

10. Additionally, Plaintiffs Counsel have expended out-of-pocket costs of $101,923.84, including costs for travel and other expenses anticipated in the amount of $2500.00 for the final approval hearing.

11. All of the litigation expenses incurred by Class Counsel are the type of expenses which are typically billed by attorneys to clients in the marketplace. Among other things these expenses included travel to various cities where TPUSA call centers are located to interview

class members, retaining expert witness to review payroll data and calculate damages, etc., retaining the mediator, travel expenses for mediation, copying and scanning documents, mailings, and other such expenses related to the prosecution of this case.

12. All the expenses are reasonable in amount, and were necessarily incurred in the prosecution of this class action litigation to a successful conclusion.

*Class Counsel Expended Considerable Effort in Litigating and Settling This Case*

13. Class action wage and hour cases of this type are, by their very nature, complicated and time-consuming. Any lawyer undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy and resources. Due also to the contingent nature of the customary fee arrangement, lawyers must be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. The demands and risks of this type of litigation overwhelm the resources – and deter participation – of many traditional claimants' firms.

14. In this case, Class Counsel did, in fact, expend significant time and energy in litigating this case, including conducting an extensive investigation of the claims in this case, engaging in extensive and time-consuming motion practice, and participating in mediation.

15. The litigation of these matters has been complex and difficult. Both before and after the complaint was filed, Class Counsel conducted an extensive investigation of the claims involved in this case.

16. In the course of the litigation, Plaintiffs' counsel traveled to all the call centers in eleven different states and interviewed plaintiffs and other class members, reviewed numerous documents, including documents related to claims in the case.

17. On July 13, 2009, parties held a mediation session in San Francisco, California with Anthony Piazza, a nationally respected mediator. Prior to that mediation, both parties engaged in extensive preparation and prepared detailed mediation briefs that included their respective assessments of the case and supporting documentation and evidentiary materials.

18. At the conclusion of the 18-hour mediation session, the parties reached a settlement in principle. Thereafter, the Parties continued their arms-length negotiations to finalize their proposed settlement in the Agreement.

*Class Counsel Will Receive No Other or Further Compensation*

19. Plaintiffs' Counsel have yet to receive any compensation for their services in this litigation, and have committed significant amount of time and incurred significant costs on a wholly contingent basis in order to bring this litigation to a successful conclusion.

20. Plaintiffs' Counsel stood to gain nothing in the event the case was unsuccessful.

21. At the inception of this litigation, the named plaintiffs independently considered the issue of an appropriate contingency rate and decided that contingency fees of 35% were appropriate for this case.

22. The requested fee award will constitute the entire fee to which Class Counsel is entitled.

*Class Counsel Is Satisfied That the Terms of the Settlement Are Fair*

23. Class Counsel has spent a great deal of time and effort analyzing and evaluating the merits of the claims made against TPUSA, Inc. in this litigation and the impact of the Department of Labor Investigation and Settlement, and Parties' Agreement on named plaintiffs, the Opt-Ins and the putative Class Members.

24. Specifically, Class Counsel has considered a myriad of factors, including the substantial risks of continued litigation and the possibility that the case, if not settled now, might not result in any recovery or might result in a recovery several years from now that is less favorable to Plaintiffs and putative Class Members than the recovery outlined in the Agreement.

25. In light of such considerations, Class Counsel is satisfied that the terms and conditions of the settlement are fair, reasonable and adequate and that the settlement is in the best interests of named Plaintiffs, the Opt-Ins, and other Class Members.

*Settlement Claims Administration*

26. Pursuant to the Settlement Agreement, the parties retained Rust Consulting, Inc., to serve as the Claims Administrator ("Claims Administrator"). Rust Consulting, Inc. has significant experience administering class action settlements, including settlements of wage and hour class and collective actions

*Notice and Class Member Response*

27. There are approximately 70,000 Class Members.

28. The Claims Administrator mailed the Notice to a list of 70,000 Class Members provided by Defendants.

29. No Class Member has objected to Class Counsel's attorneys' fee request.

30. I affirm under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March, 2010.

                                                                                     Sharon Preston
                                                                                     Attorney for Plaintiffs