TIM DALTON DUNN, Utah Bar # 0936
GERRY B. HOLMAN, Utah Bar #6891
DUNN & DUNN, P.C.
Email: gholman@dunndunn.com
505 East 200 South
2nd Floor
Salt Lake City, UT 84102
Tel.: (801) 521-6677
Fax: (801) 521-9998

MARY C. DOLLARHIDE
LESLIE L. ABBOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Email: marydollarhide@paulhastings.com
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Tel.: (858) 458-3000
Fax: (858) 458-3005

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| PAULA SELF, LINDA DUNCAN, SHERI KIDDY, LESLIE DEMULL, and TIMOTHY VAN HOOSE Individually and on Behalf of Other Similarly Situated, | * * * * * | **SUPPLEMENTAL DECLARATION OF COMPLIANCE WITH THE CLASS ACTION FAIRNESS ACT OF 2005** |
| Plaintiffs, | * * | 28 U.S.C. § 1715 |
| v. | * * | |
| TPUSA, INC. and TELEPERFORMANCE GROUP, INC., Corporations, | * * * | Case No. 2:08-cv-00395 PMW |
| Defendants. | * * * | HON. MAGISTRATE JUDGE PAUL M. WARNER |

I, Mary Dollarhide, declare:

1.  I am admitted pro hac vice to the Bar of this Court and am a partner of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"), counsel of record for Defendants TPUSA, Inc. and Teleperformance Group, Inc. (collectively, "Defendants") in this action. I make this supplemental declaration to show Defendants' further efforts to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"). I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2.  On November 3, 2009, the parties filed their joint motion for preliminary approval of the class action settlement reached between Plaintiffs and Defendants.

3.  On November 6, 2009, two days after the parties' joint motion for preliminary approval was filed, Paul Hastings' staff acting under my direction served on the Attorney General of the United States, and the Attorneys General of the States of Florida, Georgia, Idaho, Illinois, Indiana, New Mexico, Ohio, Pennsylvania, South Carolina, Texas and Utah, notice of the proposed settlement in this action pursuant to 28 U.S.C. section 1715 (the "CAFA Notice").

4.  On November 6, 2009, I filed with this Court a declaration of compliance with the requirements of the Class Action Fairness Act, attesting to the contents and service of the CAFA Notice in accordance with 28 U.S.C. section 1715.

5.  Following the Court's preliminary approval of the settlement, Defendants provided an updated list of eligible class members to the Settlement Administrator, Rust

1

Consulting, Inc. ("Rust"). The updated list included the names of ten opt-ins who were initially deemed to be ineligible to participate in the settlement but who, after discussions with Plaintiffs' counsel, we determined it would be appropriate to include in the class. These ten individuals were not on the preliminary list upon which our original CAFA Notice was based.

6. On January 7, 2010, Paul Hastings' staff acting under my direction served on the Attorney General of the United States and the Attorneys General of Florida, Georgia, Idaho, Illinois, Indiana, New Mexico, Ohio, Pennsylvania, South Carolina, Texas and Utah, a supplemental notice of proposed settlement ("First Supplemental CAFA Notice").

7. The First Supplemental CAFA Notice consisted of a cover letter to the Attorneys General in the eleven states identified in paragraph 6, and the Attorney General of the United States; a copy of the Order (1) Conditionally Certifying Class and Collective Action; (2) Preliminarily Approving Proposed Settlement; (3) Approving Notice to Class; (4) Permitting Plaintiffs to File a Fourth Amended Complaint; and (5) Setting Final Approval Hearing Date, dated October 13, 2009; a copy of the Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Final Court Approval; a supplemental list of Class Members identified from Defendants' available records as residing, or having resided, in each state and the estimated proportionate share of claims of such members to the entire Settlement; and a copy of the Plaintiffs' Fourth Amended Complaint, filed on December 30, 2009.

8. The First Supplemental CAFA Notice was mailed in paper format with an enclosed CD to the Attorney General of the United States and the Attorneys General of the eleven states identified in paragraph 6.

9.      Attached to this declaration as Exhibit A as an exemplar is a true and correct copy of the cover letter addressed and mailed to the Attorney General of the United States as part of the First Supplemental CAFA Notice. The cover letters that I sent to the Attorneys General of the eleven states identified in paragraph 6 were identical to Exhibit A, except for the address block.

10.     Attached as Exhibit B is a Declaration of Service of CAFA Notice, which includes the names and addresses of each federal and state official served with the First Supplemental CAFA Notice.

11.     After the CAFA Notice was mailed on November 6, 2009, I determined that, due to an inadvertent error, we served only those state Attorneys General whose state laws were at issue in this lawsuit. In fact, notices of the settlement arguably should have gone to Attorneys General in each state where putative class members now reside, irrespective of any state law claims. I determined that we needed to serve the state officials in an additional 37 states in order to ensure compliance with the requirements of the Class Action Fairness Act.

12.     On January 11, 2010, Paul Hastings' staff acting under my direction, served on the Attorneys General of the additional 37 states a notice of proposed settlement ("CAFA Notice to Omitted Officials").

13.     The CAFA Notice to Omitted Officials consisted of a cover letter to the Attorneys General of the 37 additional states, along with the following documents:

   a.     Notice of Proposed Settlement;

b. Plaintiff's original complaint, first amended complaint, second amended complaint, third amended complaint, and fourth amended complaint (pursuant to CAFA, 28 U.S.C. § 1715(b)(1)). (The original, first, second, third and fourth amended complaints are on file with the Court as part of Docket Nos. 1, 12, 64, 133, and 192.);

c. The parties' Joint Stipulation of Settlement (pursuant to CAFA, 28 U.S.C. § 1715(b)(4)). (This document is on file with the Court as part of Docket No. 183.);

d. A copy of the Order (1) Conditionally Certifying Class and Collective Action; (2) Preliminarily Approving Proposed Settlement; (3) Approving Notice to Class; (4) Permitting Plaintiffs to File a Fourth Amended Complaint; and (5) Setting Final Approval Hearing Date (This document is on file with the Court as part of Docket No. 188);

e. A copy of the Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Final Court Approval, which was mailed to Class Members on December 10, 2009 (pursuant to CAFA, 28 U.S.C. § 1715(b)(3)(B)). (This notice was in the form approved by the Court, on file with the Court as part of Docket No. 183.); and

f. The names of Class Members who reside in each state and each Class Member's estimated proportionate share of the entire settlement; and the number of class members residing in each state and the estimated proportionate share of class members for each state of the entire settlement (pursuant to CAFA, 28 U.S.C. § 1715(b)(7)).

14. Attached to this declaration as Exhibit C as an exemplar is a true and correct copy of the cover letter addressed and mailed to the Attorney General of the State of Alaska as part of the CAFA Notice to Omitted Officials. The cover letters I sent to the 37 State Attorneys General were identical to Exhibit C, except for the address block.

15. Attached to this declaration as Exhibit D is a Declaration of Service of CAFA Notice, which includes the names and addresses of each state official served with the CAFA Notice to Omitted Officials.

16. After the First Supplemental CAFA Notice was mailed, sixteen (16) individuals contacted Rust and asserted that they fell within the class definition and should be permitted to participate in the Settlement. After Defendants reviewed their employment files, we determined five (5) of those individuals should be included as Class Members and be permitted to participate in the settlement. Defendants then generated an updated list of eligible class members, including these additional five individuals.

17. On March 30, 2010, Paul Hastings' staff acting under my direction served on the Attorney General of the United States and the Attorneys General of 48 states (the eleven states identified in paragraph 6, along with the Attorneys General of the 37 additional states), a second supplemental notice of proposed settlement ("Second Supplemental CAFA Notice").

18. The Second Supplemental CAFA Notice consisted of a cover letter to the Attorneys General of 48 states, and the Attorney General of the United States, and a supplemental list of Class Members identified from Defendants' available records as residing, or

having resided, in each state and the estimated proportionate share of claims of such members to the entire Settlement. The Second Supplemental CAFA Notice also advised the Attorneys General of the scheduled April 15, 2010 hearing on the motion for final approval of the settlement.

19. The Second Supplemental CAFA Notice was mailed in paper format with an enclosed CD to the Attorney General of the United States and the Attorneys General of 48 states.

20. Attached to this declaration as Exhibit E as an exemplar is a true and correct copy of the cover letter addressed and mailed to the Attorney General of the United States as part of the Second Supplemental CAFA Notice. The cover letters that I sent to the Attorneys General of the eleven states identified in paragraph 6 were identical to Exhibit E, except for the address block.

21. Attached to this declaration as Exhibit F as an exemplar is a true and correct copy of the cover letter addressed and mailed to the Attorney General of the State of Alaska as part of the Second Supplemental CAFA Notice. The cover letters I sent to the 37 State Attorneys General, omitted from the original CAFA notice and discussed in paragraph 11, above, were identical to Exhibit F, except for the address block.

//

//

//

22. Attached as Exhibit G is a Declaration of Service of CAFA Notice, which includes the names and addresses of each federal and state official served with the Second Supplemental CAFA Notice.

I declare under penalty of perjury that the above is true and correct.

Executed on April 8, 2010, in San Diego, California.

      /s/Mary C. Dollarhide  
      Mary C. Dollarhide

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CASE NO. 2:08-cv-00395 PMW

TABLE OF CONTENTS TO EXHIBITS TO SUPPLEMENTAL DECLARATION OF
COMPLIANCE WITH THE CLASS ACTION FAIRNESS ACT OF 2005

| **Exhibit** | **Page(s)** | **Description** |
|---|---|---|
| A | 10-11 | Cover letter addressed and mailed to the Attorney General of the United States as part of the First Supplemental CAFA Notice |
| B | 12-14 | Declaration of Service of CAFA Notice, which includes the names and addresses of each federal and state official served with the First Supplemental CAFA Notice |
| C | 15-16 | Cover letter addressed and mailed to the Attorney General of the State of Alaska as part of the CAFA Notice to Omitted Officials |
| D | 17-21 | Declaration of Service of CAFA Notice, which includes the names and addresses of each state official served with the CAFA Notice to Omitted Officials |
| E | 22-23 | Cover letter addressed and mailed to the Attorney General of the United States as part of the Second Supplemental CAFA Notice |
| F | 24-25 | Cover letter addressed and mailed to the Attorney General of Alaska as part of the Second Supplemental CAFA Notice |
| G | 26-30 | Declaration of Service of CAFA Notice, which includes the names and addresses of each federal and state official served with the Second Supplemental CAFA Notice |

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2010, a true and correct copy of the foregoing was served by the method indicated below, to the following:

| | |
|---|---|
| Jesse S. Brar, Esq.<br>Sharon Preston, Esq.<br>670 East 3900 South, Ste. 101<br>Salt Lake City, Utah 84107<br>Tel: (801) 269-9541<br>Fax: (801) 269-9581<br>Email: jbrar@xmission.com<br><br>*Attorneys for Plaintiffs* | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>( ) email jbrar@xmission.com<br>(X) Clerk of Court using CM/ECF system |
| J. Nelson Thomas, Esq.<br>Patrick J. Solomon, Esq.<br>Michael J. Lingle, Esq.<br>Thomas & Solomon LLP<br>693 East Avenue<br>Rochester, NY 14067<br>Tel: (585) 272-0540<br>Fax: (585) 272-0574<br>Email: nthomas@theemploymentattorneys.com<br><br>*Pro Hac Vice*<br>*Attorneys for Plaintiffs* | ( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br>( ) email nthomas@theemploymentattorneys.com<br>(X) Clerk of Court using CM/ECF system |

PAUL, HASTINGS, JANOFSKY & WALKER LLP

_____/s/Mary C. Dollarhide_____

MARY C. DOLLARHIDE
LESLIE L. ABBOTT
Attorneys for Defendants

LEGAL_US_W # 64225528.2